[No. 24337. Department Two. August 15, 1933.]

JACK MATELA, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Browder Brown, Assistant (V. D. Bradeson,* of counsel), for appellant.

*John S. Lynch,* for respondent.

MAIN, J.—This is an appeal from the judgment of the superior court reversing an order of the department of labor and industries in closing the claim of Jack Matela.

September 30, 1930, Matela, while engaged in an extrahazardous occupation and in the course of his employment, sustained a fracture of a part of the fifth vertebra and a traumatic injury to the spine in the

[1]Reported in 24 P. (2d) 429.

fifth lumbar region. Thereafter, he presented a claim to the department and was allowed compensation for time loss and furnished medical attention until January 12, 1932, when his claim was closed without the payment of any permanent partial disability award Matela petitioned for a hearing before the joint board, which was granted. The joint board held two hearings, at which testimony was taken, and at each of the hearings a doctor was called as a witness. This case must turn largely upon the testimony of these two doctors.

The department takes the position that Matela's condition, at the time the claim was closed, was due to arthritis, and not due to the injury which he had sustained. The testimony of the two doctors establishes that Matela, at the time his claim was closed and at the time of the hearings before the joint board, was not able to engage in any gainful occupation; that his condition was improving; that he needed further treatment; and that the time had not yet arrived when it could be determined whether he would completely recover or would sustain a partial permanent disability.

One of the doctors testified, unequivocally, that his condition was due to the injury and was not the result of arthritis. This doctor was in an especially advantageous position to speak, because, shortly after the injury, he treated and prescribed for Matela for approximately two months and was conversant with his condition at the time of the hearings. The other doctor's testimony, when read in its entirety, shows that, in his opinion, at the time of the injury Matela had what was called a symptomless arthritis, which was not unusual in a man of his age and which in all probability would not have caused any trouble had it not been for the injury. He also said that the arthritic condition at the time he made an examination shortly

before testifying, was due to the injury. It is possible to pick from this doctor's testimony a question and answer here and there which would give support to the theory that the period over which the injury caused the disability had expired at the time the claim was closed, but when the testimony is read in its entirety, it expresses the thought that we have indicated.

When the department closed the claim, it acted upon a report made by its chief medical adviser, to the effect that Matela had "recovered almost entirely from his injury," and that his condition at that time was "one of disease and not accident." From this report, it would appear that the claim was closed before the claimant had entirely recovered from his injury. As already stated, the testimony of the doctors before the joint board establishes the fact that he had not recovered from his injury at the time the claim was closed.

We have not overlooked the fact that the order of the department was *prima facie* correct, and that the burden rested upon the claimant to overcome it. In this case, the claimant has met that burden, and the *prima facie* case made by the order has been overcome. The trial court did not err in reversing the order of the department closing the claim and remanding the case with direction to allow time loss and furnish further medical treatment. What disposition the department may make of the case in the future must depend upon the facts as they develop and the law that may be applicable thereto.

The judgment will be affirmed.

BEALS, C. J., BLAKE, TOLMAN, and STEINERT, JJ., concur.