[No. 25455. Department One. March 8, 1935.]

ELIZABETH EK, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Albert H. Solomon* and *Ralph Booth McAbee,* for appellant.

*The Attorney General* and *Browder Brown, Assistant,* for respondent.

TOLMAN, J.—This is an appeal from a judgment of the superior court sustaining the rejection by the department of a claim for a widow's pension under the industrial insurance act.

[1]Reported in 41 P. (2d) 1097.

The facts found and the conclusions drawn by the trial court are sufficiently shown by the following excerpts from the court's findings of fact and conclusions of law:

"That on the 22nd day of May, 1931, the said Charles Ek, was employed by Tom Drylie at a daily wage to dig a cess-pool and connect a sewer drain from an old cess-pool to the new one; that the said Tom Drylie was the sole owner of the property on which the work was being performed by the said Charles Ek, the said Tom Drylie being then engaged in the business of operating a confectionary store and soda fountain, which fed the drain pipe and old cess-pool aforesaid; that the said Charles Ek worked on the building of the new cess-pool and the opening of the drain to the old cess-pool until approximately 3:30 p. m. on the 22nd day of May, 1931, when the said Charles Ek collapsed and had to be assisted to his home.

"That there is not sufficient evidence that the said Charles Ek suffered an accident or injury on said May 22, 1931.

"That on the 13th day of May, 1932, the said Charles Ek filed with the Department of Labor & Industries his claim for compensation alleging that on the 22nd day of May, 1931, while in the employ of the said Tom Drylie he was injured when cleaning out a drain to a cess-pool on the property of said Drylie, and was overcome by gas fumes; that said claim was rejected on July 12, 1932, by said department, upon the ground that there was no proof of injury in the course of employment and further that there was no proof that the workman's disability was the result of the alleged injury; that no appeal was taken by the said Charles Ek in his lifetime from said decision of said department.

"That on or about the 8th day of January, 1932, the said Charles Ek, being then employed by King County in the work of grading and clearing roads at a daily wage, upon which work he had been engaged intermittently for several months prior to said date, collapsed while on the job; that he was then suffering from a high blood pressure and a condition of partial paralysis of the left side, which coupled with the exertion caused

his breakdown at that time; that from said January 8, 1932, down to the time of his death on the 28th day of January, 1933, the said Charles Ek was under continuous medical care of Dr. W. E. Gibson and Dr. A. O. Loe, his condition becoming progressively worse, and that on said last date he died from another paralytic stroke.

"That plaintiff herein on the 4th day of March, 1933, made claim for a widow's pension by reason of the death of said Charles Ek; that her claim was rejected on the 17th of March, 1933, for the reason that the death of Mr. Ek was not the result of an injury, and for the further reason that the statute of limitations had operated against the claim; that on application for a rehearing duly made by the plaintiff to the joint board of said department, the same was granted and testimony taken, and on the 9th day of October, 1933, the said joint board did reject said claim and conclude that:

" 'The claimant at the time of the alleged injury was not in the employ of an employer engaged in an extrahazardous operation subject to the jurisdiction of the compensation act; that the testimony shows that the alleged employer was the owner and operator of a confectionary store, the operation of which is not under the act and which further consisted of his residence and that upon the authority of the supreme court decision in the case of *Carstens v. Department of Labor and Industries*, such an employer is not subject to the terms of or jurisdiction of the industrial insurance law.' . . .

### "Conclusions of Law

"That there was no accident or injury suffered by the deceased husband of the plaintiff on the 22nd day of May, 1931, which is compensable under the Workmen's Compensation Act in that the employer Tom Drylie was not within the operation of the Workmen's Compensation Act at the time of said alleged injury.

"That as to the injury of January 8, 1932, the said Charles Ek contributed materially to the same, knowing at the time of his previous weakened condition of health; that the claim of the plaintiff as to said in-

jury is further barred for the reason that no claim was properly filed therefor.

"That plaintiff is not entitled to any relief under the Workmen's Compensation Act and that the action of the joint board of said department in rejecting her claim was proper in all respects and is confirmed and established, with costs to be taxed against the plaintiff."

█ The rejection of the claim by the department was a final judgment; and when the time for appeal expired, that judgment became a complete and final adjudication, binding not only upon the then claimant Charles Ek, but also upon all persons who might thereafter claim by, through or under him. Therefore, as to the workman and as to his wife, who afterwards became his widow, and as to all others who might so claim, that adjudication finally and judicially established that there was no ground for recovery under the act.

The case of *Beels v. Department of Labor and Industries,* 178 Wash. 301, 34 P. (2d) 917, is not in point. In that case, there was no adjudication prior to the filing of the widow's claim, and therefore no adjudication binding upon her or upon anyone else and no judgment which could be pleaded as a bar.

That a judgment is binding upon the party against whom it runs, and also against all those who claim by, through or under him, is hornbook law, and no authority need be cited to support the rule. There may be, and doubtless are, other good reasons which support the ruling of the trial court, but it seems unnecessary to discuss them.

The judgment is affirmed.

MILLARD, C. J., MAIN, BEALS, and GERAGHTY, JJ., concur.