[No. 26416. Department Two. February 10, 1937.]

MUD BAY LOGGING COMPANY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

[1]Reported in 64 P. (2d) 1054.

*The Attorney General, J. A. Kavaney* and *Harry L. Parr, Assistants (V. D. Bradeson,* of counsel), for appellant.

*Thos. L. O'Leary,* for respondent.

ROBINSON, J.—In August, 1933, in the case of *Matela v. Department of Labor & Industries,* 174 Wash. 144, 24 P. (2d) 429, this court affirmed an order of the superior court of Lewis county, directing the department, which had closed Matela's claim in January, 1932, to reopen the matter, allow further time loss, furnish medical attention, and otherwise deal with it as the facts and the law applicable thereto might require.

Thereafter, in April, 1934, the department again closed the claim with a permanent partial disability rating of five degrees, and Matela applied for a rehearing before the joint board, claiming total permanent disability. His application was granted, and the parties in interest, including the Mud Bay Logging Company, his employer at the time he received the injury upon which his claim was founded, were notified that a hearing would be held in Chehalis on June 8th.

The logging company appeared at the hearing by its attorney and secretary and by its safety engineer. It had a pecuniary interest in the result, for if Matela should be held totally and permanently disabled, no matter what compensation was actually awarded him, the fixed sum of four thousand dollars would be charged against its "cost experience" and materially increase its future premium rate. (See Rem. Rev. Stat. (Supp.), § 7676.)

At the Chehalis hearing, Matela testified that he was totally and permanently disabled, and called Dr. Barr, who gave similar testimony. No other witnesses were called. The cross-examination of these witnesses by

the department was of such character as to indicate that the department had in no way receded from the position which it had consistently maintained for more than three years, that Matela had little or no permanent disability other than that occasioned by causes antedating the injury upon which his claim was based.

In July, 1934, the joint board reviewed the entire department file, including a transcript of the evidence taken at Chehalis, and ordered that the matter be continued and the claimant further physically examined. For this purpose, it appointed a board of three Longview physicians, who examined Matela on August 10th and, as a result of such examination, suggested giving him a rating of ten degrees permanent partial disability.

Their report and suggestion came before the joint board on October 1st, and, after consideration, the board again ordered that the claimant should be further physically examined and appointed an entirely new examining board, consisting of three Centralia physicians. On October 16th, they reported, in substance, that whatever permanent disability Matela had was occasioned by causes antedating his injury in December, 1930, and that he had already received compensation far beyond the period of disability due to that injury.

In the face of this most unfavorable report, Matela petitioned to compromise and settle his claim on the basis of total permanent disability, offering to accept a lump sum of $1,225 in exchange for his releasing the department from all claims, present or future, with respect to the injury upon which his claim was founded. The petition was verified on January 12, 1935. The record does not show date of filing.

On January 21, 1935, the joint board ordered that the supervisor be reversed, with instructions to ad-

judge Matela totally and permanently disabled. The position of this order in the claim file would indicate that it was not actually filed until February 2nd. It may have been withheld pending negotiations with Matela as to his offer of compromise and settlement. The department seems to have come to an agreement with him about the first of February, for there is in the file a notation of that date which reads as follows: "It is further ordered that the claim be closed with a lump sum settlement of $1,225." There is another notation, dated February 2nd, written in pencil upon the order of January 21st, "Closed in lump sum of $1,225." On February 2nd the department wrote to Matela as follows:

"We are enclosing formal notice of the action of the joint board. The claim is now going through for payment of $1,225, lump sum and settlement, as per agreement reached."

The agreement appears to have been very speedily carried out. It is the usual custom of the department to withhold delivery of settlement warrants for a period of five days, but, in this instance, the delivery of the warrant must have closely followed the notice. There is undisputed evidence in the record that it was cashed at least as early as February 4th.

On February 2nd, the department charged four thousand dollars against the logging company's cost experience and, on the same day, mailed to it a copy of the letter to Matela, above quoted, and a copy of the joint board's order of January 21st. This was the first notice the logging company had of the settlement with Matela. It had not been notified that a settlement had been proposed or was contemplated.

On February 11th, the logging company filed a petition for a rehearing before the joint board, setting up that it had no notice, other than notice of the Chehalis

hearing, and, particularly, no notice of the pendency of Matela's petition for compromise, nor of the joint board's order of January 21st, nor of the settlement arrived at between the claimant and the department, until the same had been fully carried out and consummated; and that the action of the department would deprive it of its property without due process of law, unless the department should cancel any charges which had been made against it by reason of the order entered on January 21st adjudging the defendant totally and permanently disabled, and praying that such cancellation be made.

The petition for rehearing was granted, and the matter came before the joint board in September, 1935. The logging company introduced the department record and submitted oral evidence of lack of notice. The department stood on its record and submitted no additional evidence. On October 28, 1935, the joint board denied the relief prayed for and sustained the supervisor in every particular.

The logging company then appealed to the superior court of Thurston county and submitted the matter upon the department record. The court found the facts to be substantially as hereinbefore set out, held that the order of the joint board of January 21, 1935, was not binding upon the logging company, and ordered the department to cancel any charges that it may have made against the Mud Bay Logging Company for contribution to the accident fund by reason of any increase in its experience rating, pursuant to the order of the joint board of January 21, 1935, and further ordered it to apply any payments the logging company may have made as a result of said order to any contributions to the accident fund which might in the fu-

ture become due from it in other cases. From this judgment, the department perfected this appeal.

 The appellant contends that no express statutory provision for notice was violated; that the original notice of the Chehalis hearing satisfied all requirements of due process; that the joint board in considering Matela's petition for compromise and settlement was dealing with a mere collateral matter; and cites a number of cases, relying particularly upon *Livingston Oil Corp. v. Henson*, 90 Okla. 76, 215 Pac. 1057; *Asplund Const. Co. v. Williams*, 150 Okla. 10, 300 Pac. 755; and *Manahan Drilling Co. v. Bazzel*, 153 Okla. 24, 4 P. (2d) 745.

These cases hold that, under the Oklahoma compensation act, the conversion of periodic payments into a lump sum payment is a collateral matter, and apply the general rule that failure to give notice in a collateral matter is not a violation of the requirement of due process.

In the instant case, the joint board, by its order of January 21, 1935, dealt with more than a mere conversion of periodic payments into a lump sum. It dealt with and disposed of the primary question raised by Matela's petition to compromise and settle, to-wit: Is the claimant entitled to a total permanent disability rating? That was a question upon which the logging company had a right to be heard and, as the department well knew from the logging company's participation in the Chehalis hearing, the very question which it desired to litigate.

 It is not a sufficient answer to the respondent's contention to say, as appellant does, that the respondent should have kept in touch with the department file. That would have required daily attendance at the department for a period of many months; besides, in this instance, it is more than doubtful whether the re-

spondent would have learned of the proposed settlement by examination of the file.

Nor is it a sufficient answer to respondent's petition to say that no notice is specifically required by statute.

The joint board is created by the statute with power to determine the rights of both employers and employees. In so doing, it acts judicially, or at least quasi-judicially. The employer has a right to appear before the department to be heard, and is given a statutory right of appeal. It is doubtless true that the joint board is not required to follow the exact procedure provided for the courts, but it must be equally true that it cannot wholly disregard those fundamental rules of procedure which all systems of jurisprudence, based upon the common law of England, recognize as requisite to due process. Among these none is more firmly established than the rule that one cannot lawfully be deprived of his property without notice and hearing.

The trial court rightly held that the order entered by the joint board on January 21, 1935, in disposing of Matela's petition for compromise and settlement, was not binding upon the respondent, and, this being true, the specific relief awarded by the court followed as a necessary consequence.

The judgment of the trial court is affirmed.

STEINERT, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.