[No. 26530.   Department Two.   May 11, 1937.]

INA HILES, *Appellant,* v. DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*W. H. Sibbald,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

BEALS, J.—The plaintiff in this action is the widow of W. H. Hiles, who was for many years a woodsman and, in his different employments, within the protection of the workmen's compensation act.

During the summer of 1930, Mr. Hiles, then approximately forty years of age, presented his claim to the department, asking compensation for an injury caused

[1]Reported in 67 P. (2d) 889.

by a fall sustained while lifting a heavy weight. This claim was allowed, thirty days time loss was paid, and the claim closed October 28, 1930. October 24, 1931, Mr. Hiles, while loading lumber, strained his back and presented a second claim, upon which he received compensation for fifty-six days time loss. This claim was closed January 12, 1932, and neither this nor the first claim carried any permanent partial disability whatsoever.

May 5, 1933, Mr. Hiles, while in the course of his occupation, again strained his back and hips, and June 23rd filed a claim for this injury. In his claim, he referred to the injury which he received October 24, 1931, and stated that his back and hip had hurt him ever since that time. Mr. Hiles was examined by a department physician, who reported:

"This is a new injury associated with an old osteoarthritis of both sacro-iliacs and I think that a new claim should be filed and that there should be a segregation made at the closing of the claim."

August 28, 1933, the department closed the claim, with no disability award and an allowance for seven days time loss. The order made no segregation. Within sixty days from the closing of this claim, Mr. Hiles wrote the department, stating that he was unable to work and asking further benefits under the act. He was examined by physicians under the direction of the department, and advised that he was suffering from preexisting arthritis not connected with his injury, and that the department refused to reopen the claim. Mr. Hiles then requested a hearing before the joint board, stating that he was suffering not alone from the third and last injury which he had suffered, but from aggravation of a condition resulting from the first and second injuries. The joint board granted a rehearing as to the third injury, but denied it as to the first and second, on

the ground that no application for aggravation based upon either injury had been made to the supervisor.

At the hearing before the joint board, the facts connected with all three injuries were investigated, the files being introduced in evidence. Whether or not all the evidence introduced was entitled to be considered, as legally admissible, need not be determined. Thereafter, an agreement was entered into between Mr. Hiles and the department, pursuant to which, in consideration of the payment of time loss for five months in the sum of $375, Mr. Hiles undertook to withdraw his appeal. The payment was made, and the matter was finally closed June 11, 1934. In this phase of the matter, Mr. Hiles was represented by counsel, who participated in all the proceedings.

Mr. Hiles continued to suffer pain and, late in the year 1934, consulted his own physician in Kelso, complaining of pain through his back and hips, along the right side of his abdomen, and in his right leg. It occurred to Mr. Hiles and his physician that the abdominal pain might be the result of a diseased appendix, and January 25, 1935, the doctor performed an abdominal operation in an effort to determine the cause of Mr. Hiles' suffering. It was found that the appendix was normal, the intestines were normal, though some adhesions existed, and the wound was closed. Unfortunately, ether pneumonia developed, and Mr. Hiles died on the third day following the operation.

Thereafter, plaintiff herein, Ina Hiles, filed with the department her application for a widow's pension, alleging that Mr. Hiles had never recovered from the injury which he received during the month of May, 1933, that this injury had caused his death, and that, for this reason, she and her children were entitled to benefits under the statute. The supervisor rejected the claim, whereupon an appeal was taken to the joint board,

which affirmed the action of the supervisor. On appeal to the superior court, the case was fully presented and resulted in a judgment affirming the action of the joint board, from which judgment plaintiff has appealed to this court.

It is clear that matters between Mr. Hiles and the department were fully settled some months prior to the former's death. He withdrew his appeal upon the department's agreement to pay him a certain sum for time loss, and the money was paid. The claim was finally closed, and Mr. Hiles never again applied to the department for reopening of his claim on the ground of aggravation, or for any other relief. When, during the latter part of the year 1934, he consulted his own physician, he did so entirely on his own volition.

Concerning this operation, the surgeon who performed the same, on examination by Mrs. Hiles' counsel, testified that he operated to ascertain whether or not Mr. Hiles had appendicitis, and that, upon examination, he could find nothing wrong with the appendix. He testified that the intestines were raised to see if there was anything wrong with the appendix, and when an attempt was made to ascertain whether or not adhesions existed, bleeding resulted. In answer to a question as to what might have caused the adhesions, the doctor replied that he did not know; that sometimes constant fat and pressure caused them. He testified, however, that the intestines appeared harmless, and that he found nothing which could have caused pain. He further testified:

"Q. And in order to operate, you administered ether? Is that it? A. Yes. Q. What was the effect of the ether? A. Pneumonia. Q. What was the effect of the pneumonia? A. He died. MR. SIBBALD: That is all."

As to the procedure which has been here followed, we held in the case of *Beels v. Department of Labor*

& *Industries,* 178 Wash. 301, 34 P. (2d) 917, that the widow of a workman who was injured while under the protection of the act, and who subsequently died, was entitled to a pension on the facts shown. It appeared that the injured man never filed any claim with the department.

In the case of *Ek v. Department of Labor & Industries,* 181 Wash. 91, 41 P. (2d) 1097, the department rejected the application by a widow for a pension, it appearing that the husband, Charles Ek, had applied to the department for compensation, and that his claim had been by the department rejected, upon the ground that there was no proof of injury in the course of employment, and no proof that any disability resulted from the injury. This departmental order was not appealed from, and concerning the same, this court said:

"The rejection of the claim by the department was a final judgment; and when the time for appeal expired, that judgment became a complete and final adjudication, binding not only upon the then claimant Charles Ek, but also upon all persons who might thereafter claim by, through or under him. Therefore, as to the workman and as to his wife, who afterwards became his widow, and as to all others who might so claim, that adjudication finally and judicially established that there was no ground for recovery under the act."

The court distinguished the case of *Beels v. Department of Labor & Industries, supra,* by pointing out that, in the former case, there was no departmental adjudication prior to the filing of the widow's claim.

In the recent case of *McFarland v. Department of Labor & Industries,* 188 Wash. 357, 62 P. (2d) 714, it was held that the widow of a man who was injured while within the protection of the statute was entitled to a pension after his death by his own hand. It appeared that Mr. McFarland, while in the course of his

employment, suffered an injury for which he was allowed compensation by way of time loss and medical aid. His claim was closed August 28, 1931, with twenty degrees of permanent partial disability. On appeal to the joint board, he received an additional allowance for time loss to April 5, 1932, but the claim was again closed without any further disability allowance. Two months thereafter, Mr. McFarland petitioned for a rehearing, upon the ground of aggravation and, upon the denial of his claim by the joint board, appealed to the superior court, where he was awarded an additional twenty-eight degrees of permanent partial disability. No appeal was taken from this judgment, nor did Mr. McFarland ever make any further claim to the department.

February 22, 1934, Mr. McFarland committed suicide, and thereafter his widow (plaintiff in the case cited) applied for a pension. Her application was denied by the supervisor, and this ruling was affirmed by the joint board, which latter ruling was on appeal reviewed by the superior court and a judgment entered allowing the pension, from which judgment the department appealed to this court. It was held that, under the rule laid down in the case of *Beels v. Department of Labor & Industries, supra,* Mrs. McFarland could maintain her claim. The trial court found that, in taking his own life, Mr. McFarland did not act with deliberation or deliberate intent, but that the act was committed in a moment of insane impulse, and that his mind had become deranged because of the pain, suffering and worry caused by the injury which he had received.

Under the rule laid down in the case of *Gatterdam v. Department of Labor & Industries,* 185 Wash. 628, 56 P. (2d) 693, the death of an injured workman, under such circumstances, may be attributed to the in-

jury which he received in the course of his employment. The case of *Ek v. Department of Labor & Industries, supra,* was not referred to, but in that case, the department had wholly rejected the claim filed by a workman, upon the ground that there was no proof of injury in the course of employment, and no proof that any disability resulted from the injury complained of.

In the case at bar, considering the evidence and the record in the light most favorable to appellant, we can find no possible ground for holding that any injuries which Mr. Hiles had received in the course of his employment, and called to the attention of the department, resulted in any condition which afforded any reasonable ground for the operation which resulted in his death. To hold to the contrary, would be to indulge in the merest speculation. Rem. Rev. Stat., § 7679 [P. C. § 3472], paragraph (c), which provides for a pension to the widow in case of the death of an injured workman during the period of permanent total disability, avails appellant nothing, as Mr. Hiles never received any such classification from the department.

We find nothing in the record before us which would support a finding that Mr. Hiles was at any time totally disabled as the result of the accidents which had been the bases of his claims against the department. It is true that several witnesses testified that he suffered much pain, and that his back and hips were stiff and sore, but the evidence no wise justifies a holding that Mr. Hiles should have been classified by the department as permanently totally disabled. After the closing of his claim in June, 1934, he made no application to the department for further classification. Manifestly, he was thoroughly familiar with the work of the department, and at least during the very extensive hearing on his last claim, he had the benefit of the advice of counsel. It clearly appears that he also at times

consulted a physician. His last claim was settled by agreement between Mr. Hiles and the department. It must be assumed that he was satisfied with the settlement which was made.

Appellant argues that the trial court erred in believing that appellant's claim was barred by the statute of limitations. Whether or not the trial court was of this opinion, is entirely immaterial, as the record affords no basis for awarding appellant any relief or for the entry of any judgment other than a judgment affirming the action of the department, as entered by the trial court.

The judgment appealed from is accordingly affirmed.

STEINERT, C. J., TOLMAN, HOLCOMB, and ROBINSON, JJ., concur.