[No. 26953.   *En Banc.*   November 18, 1938.]

JOE PRINCE, *Appellant,* v. SAGINAW LOGGING COMPANY, *Respondent.*[1]

*Harry Ellsworth Foster* and *Ray De Kraay,* for appellant.

*Shank, Belt, Rode & Cook,* for respondent.

*The Attorney General* and *J. A. Kavaney, Assistant, amici curiae.*

GERAGHTY, J.—The plaintiff, a woodsman employed by the Saginaw Logging Company, brought this action against his employer to recover damages for injuries alleged to have been sustained by reason of its negligence.

The defendant owned and maintained, for the convenience of its employees, a group of bunkhouses, consisting of ordinary box cars fitted with double bunks. The box cars were placed endwise in three parallel

[1]Reported in 84 P. (2d) 397.

rows, extending east and west, with two walkways, on a level with the car floors between the rows, for the passage of employees to and from their sleeping quarters. By this arrangement, the center rows of box cars had a walkway on each side, but the two outer rows had walkways on the inner side only; the box cars had sliding doors on each side.

The plaintiff had worked intermittently for the defendant for several years. He occupied a bunk in one of the north row of cars having a walkway on the south side only. On the night of November 9, 1936, after having gone to bed, and after the lights in the bunkhouse had been extinguished from a central control, the plaintiff had occasion to go to the toilet, and, in doing so, opened the north door, which was unfastened, and stepped out, falling into an adjoining ravine and sustaining the injuries for which he brought suit.

After the accident, the plaintiff filed a claim with the department of labor and industries for compensation. The department, through the supervisor of industrial insurance, rejected his claim, and a written order and notice to that effect was given to him, as well as to his employer, the defendant. The order recited that the claim for compensation was rejected for the reasons:

"(1) That claimant's condition is not the result of industrial injury as defined by the workman's compensation act. (2) That at the time of injury claimant was not in the course of employment."

Accepting this decision of the department, the plaintiff instituted the present suit. The negligence alleged was that the defendant had left unguarded and unfastened a door opening directly into a ravine, a dangerous condition of the existence of which the defendant failed to notify the plaintiff.

The defendant, in its answer, interposed two affirmative defenses: First, the plaintiff's contributory negligence; and, second, that, at the time of the accident, the plaintiff was an employee of the defendant acting within the scope of his employment, and was, therefore, precluded from maintaining the action by reason of the provisions of the workmen's compensation law.

The plaintiff denied contributory negligence and, in reply to the second affirmative defense, alleged the filing of his claim for compensation with the department of labor and industries, the rejection of the claim by the department, and the service of a copy of the order and notice of rejection upon the plaintiff and the defendant.

The cause was tried to the court, sitting without a jury. At the close of the evidence, the court took the case under advisement and thereafter filed a memorandum decision, in which it announced that the plaintiff could not prevail for the reason that his alleged injury occurred in the course of his employment in the logging camp of the defendant; that the bunkhouse was supplied by the employer for the mutual benefit of itself and the workmen to facilitate the progress of the work, and that sleeping in it was incidental to the employment. The court also expressed the opinion that the decision of the supervisor, in holding that the plaintiff was not injured in the course of his employment, was not *res adjudicata* on the defendant. A judgment of dismissal was accordingly entered, and the plaintiff appeals.

The appellant contends, first, that the order of the department denying the claim, the receipt of a copy of which was admitted by the respondent, has all the force and effect of a judgment, is binding upon the respondent and not subject to collateral attack; and, secondly, if this be not so, that the injury sustained by

the appellant was not, in any event, covered by the workmen's compensation act.

If the appellant's contention that the respondent is concluded by the order of the department is well taken, it disposes of the case, even though the decision of the department may have been erroneous.

In *Abraham v. Department of Labor & Industries,* 178 Wash. 160, 34 P. (2d) 457, we said:

"Under the express terms of statutory law and in accord with its beneficial purposes, the department has original and exclusive jurisdiction, in all cases where claims are presented, to determine the mixed question of law and fact as to whether a compensable injury has occurred. It is as much its duty in each case to determine whether the workman was within the protection of the act at the time of the injury as it is to determine the fact of injury and extent thereof. The facts as to the nature of the employment are a vital part of each inquiry, and must necessarily be determined before a result can be reached allowing the claim.

"Since the department is the original and sole tribunal with power to so determine the facts, and its findings are reviewable only on appeal, it must follow that a judgment by it, resting upon a finding of fact that the workman was so employed at the time of injury as to be within the act, is final and conclusive upon the department and upon the claimant, unless set aside on an appeal authorized by the statute, or unless fraud, or something of like nature, which equity recognizes as sufficient to vacate a judgment, has intervened."

In *Luton v. Department of Labor & Industries,* 183 Wash. 105, 48 P. (2d) 199, the court said that the *Abraham* case reflected the mature consideration and judgment of the court; and that, unless fraud, or something of a like nature which equity recognizes as sufficient to vacate the judgment, has intervened, the findings of the department, followed by a judgment resting

thereon, become final and conclusive, reviewable only by appeal.

In *Kidder v. Marysville & Arlington R. Co.*, 160 Wash. 471, 487, 295 Pac. 162, 300 Pac. 170, the court says:

"The appropriate division of the department of labor and industries had the power to make a finding of fact, first, as to the classification of the logging railroad; and second, as to the rights of respondent under her claim for compensation. Such findings in proper cases become binding upon all parties concerned. 34 C. J. 878, § 1287; L. R. A. 1916A 266."

In *Ek v. Department of Labor & Industries*, 181 Wash. 91, 41 P. (2d) 1097, a workman filed his claim with the department for alleged injuries sustained by him in the course of extrahazardous employment. His claim was rejected on the ground that there was no proof of injury in the course of employment. No appeal was taken by the claimant from this decision. Some months later, while at work as a laborer, the claimant sustained a paralytic stroke and shortly thereafter died from a second stroke. The widow filed her claim for a widow's pension with the department, alleging that her husband's death was traceable to the injury for which he had filed a claim with the department. On the rejection of her claim by the department and the joint board, she appealed to the superior court, and, from an adverse ruling there, to this court. Holding that she was concluded by the departmental order rejecting her husband's claim, which was not appealed from, we said:

"The rejection of the claim by the department was a final judgment; and when the time for appeal expired, that judgment became a complete and final adjudication, binding not only upon the then claimant Charles Ek, but also upon all persons who might thereafter claim by, through or under him. Therefore, as to the

workman and as to his wife, who afterwards became his widow, and as to all others who might so claim, that adjudication finally and judicially established that there was no ground for recovery under the act."

It is to be noted that, in the cited cases, the controversy was between the department and claimants. The question for solution here is whether an employer who has been served with notice of the department's decision is concluded in the absence of an appeal as provided in the act.

In the recent case of *Mud Bay Logging Co. v. Department of Labor & Industries,* 193 Wash. 275, 75 P. (2d) 579, the court considered at length the right of the employer to appeal from decisions of the department, both from the standpoint of the statutory provisions and of the prior decisions of this court, and, in stating its conclusion, said:

"Thus, so far as appeals were concerned, the employer and employee were virtually placed upon a parity. It is manifest that no distinction is made between employer and employee, except where an employer appeals from an order made under and by virtue of Rem. Rev. Stat., § 7683 [P. C. § 3477], in which case the employer must furnish a bond that he will fully comply with the judgment.

"Notwithstanding a number of amendments, this right of appeal from *departmental decisions* has never been abridged, and the same section as finally amended, being Rem. Rev. Stat., § 7697, provides for appeal from any order, decision or award made by the department, and this right is extended specifically to any employer aggrieved by any such order, decision or award."

In this opinion of the court, sitting *En Banc,* the principles announced in a prior departmental opinion, in the same cause, 189 Wash. 285, 64 P. (2d) 1054, are adhered to. In that opinion, it is said:

"The joint board is created by the statute with power to determine the rights of both employers and em-

ployees. In so doing, it acts judicially, or at least quasi-judicially. The employer has a right to appear before the department to be heard, and is given a statutory right of appeal."

Of course, what is said there with reference to re-hearings before the joint board is equally applicable to determinations of the department where no appeal is taken to the board. That an employer may appeal from an *order denying compensation to a claimant,* as well as from an order granting compensation, is recognized by our decisions.

In *Hama Hama Logging Co. v. Department of Labor & Industries,* 157 Wash. 96, 288 Pac. 655, the appeal was by the employer from the rejection of a claim for compensation filed by one of its employees. Upon the rejection of his claim, counsel for the employee informed the department that:

" 'This claim was denied by the department of labor and industries upon the ground and for the reason that the accident did not happen in the course of his employment. From my reading of the statute, I agree that the holding of the department upon this matter is correct. I am therefore commencing a common law action against the Hama Hama Logging Company.' "

Commenting upon the right of an employer to appeal, the court said:

"From the order of the department rejecting the claim, the logging company appealed, as was its right under § 8, ch. 310, Laws of 1927, p. 850, to the superior court for Thurston county."

The hearing upon the merits in the superior court resulted in a judgment reversing the order of the department and the allowance of the claim. From that judgment, an appeal was taken to this court, where the judgment of the superior court was reversed and the order of the department affirmed. That case pre-

cisely outlines the course that was available to the respondent employer in the present case.

In *Seattle Can Co. v. Department of Labor & Industries,* 147 Wash. 303, 265 Pac. 739, certain employees of the can company became affected with what is known as benzol poisoning. Claims for compensation were presented to the department, and rejected on the ground that the conditions complained of were not due to any fortuitous event, but were in the nature of occupational diseases. The employer appealed from the order of the department rejecting the claims to the superior court, which reversed the action of the department and directed classification and award as the law provided. On the departmental appeal, the judgment of the trial court was affirmed; the employer's right to appeal is taken for granted and not discussed in the opinion.

In the *Mud Bay* case, *supra,* where a lump sum compromise was made with an employee without notice to the employer, and the statutory charge of four thousand dollars made against its cost experience, the employer, after the denial of a petition for rehearing before the joint board, took an appeal to the superior court to reverse the department's charge against its cost experience. In that case, the employer was aggrieved by a charge made against its cost experience; in the present case, as in the *Hama Hama* and *Seattle Can* cases, the grievance entitling the employer to appeal was the fact that, by denial of compensation to the employee as being without the act, the employer was subjected to the hazard of a suit at common law, a hazard against which the statute protected it as a contributor to the industrial insurance fund.

We find no basis in the statute for the view that the employer may appeal from one determination of the department, but not from the other. He has a right

to appeal in all cases where his interest may be affected; and, unless he does so, he is concluded by the decision.

The respondent argues that the *Mud Bay* case and the cases there cited go no further than to hold that an employer has a right to appeal from a decision of the department *if he so desires*. The employer, of course, is free to accept the departmental decision or appeal from it; but if, in the exercise of his option, he elects not to appeal, he is concluded by the decision.

In Rem. Rev. Stat., § 7689 [P. C. § 3482], it is provided that, whenever any accident occurs to any workman, it shall be his duty, or the duty of someone on his behalf, to forthwith report the accident to his employer, superintendent or foreman in charge of the work; and the duty of the employer to report to the department. Rem. Rev. Stat., § 7697 [P. C. § 3488], requires that, whenever the department has made any order, decision, or award, it shall promptly serve the claimant, employer, or other person affected thereby with a copy thereof by mail. Thus, by the procedure outlined in the compensation act, the employer is fully advised of the existence of a claim made by one of his employees, and of the department's disposition of it.

The appellant was admittedly injured while in the respondent's employ. Following the procedure outlined in the compensation act, he filed his claim with the department. The department, through the supervisor of industrial insurance, rejected the claim on the ground that the appellant was not covered by the act. Notice of this rejection was given, as required by the act, to the respondent. Accepting this decision of the tribunal charged by the act with the determination of the question in the first instance, the appellant brought this action at law, the alternative remedy remaining available to him. The respondent seeks to bar his

entry into court with a challenge that his remedy is not there, but in the department, which has already closed its door against him. The law does not contemplate such an anomaly. Having acquiesced in the departmental decision by failure to appeal, the respondent can not be heard to question the correctness of this decision in another tribunal.

The judgment of the superior court is reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.

MAIN, HOLCOMB, BEALS, and MILLARD, JJ., concur.

BLAKE, J., concurs in the result.

STEINERT, C. J. (dissenting)—The majority opinion holds (1) that the respondent employer, having acquiesced in the departmental decision by its failure to appeal, is concluded thereby and is therefore estopped from attacking it collaterally; and (2) that, as a consequence, the appellant workman is entitled to maintain, in the courts, a common law action for damages against the employer.

I am unable to agree with the majority upon either of these propositions.

I. The duty to appeal arises only when there is a right to appeal. A right to appeal from an order, decision or award of the department is given only to a claimant, employer or other person who has been *aggrieved* thereby.

"It is patent that, before one may appeal to the courts, he must be a person aggrieved by an order, decision, or award made by the supervisor, and must serve upon the director of the department an application for rehearing before the joint board of the department." *Albrecht v. Department of Labor & Industries,* 192 Wash. 520, 74 P. (2d) 22.

In this case, the order of the supervisor rejecting the workman's claim did not aggrieve the employer, but

only the workman. From such order, the workman of course had the right to take an appeal, as provided by the statute. But this he did not do. He accepted the order, which was adverse to him and which, so far as that proceeding was concerned, was not unfavorable to the employer.

We have held that, when the claim of a workman is *allowed* by the supervisor, the employer is to be considered as an "aggrieved" party and may apply for a rehearing before the joint board, and, ultimately, may appeal to the courts. *State ex rel. Crabb v. Olinger,* 191 Wash. 534, 71 P. (2d) 545; *Mud Bay Logging Co. v. Department of Labor & Industries,* 193 Wash. 275, 75 P. (2d) 579. This is upon the theory that the employer's cost experience has been affected by the allowance of the claim. But that consideration is not present here, because the claim was rejected, and hence the employer's cost experience was not affected.

The theory upon which the majority opinion rests is that the employer was aggrieved by the order of the department in that the employer was thereby "subjected to the hazard of a suit at common law."

I do not know whether the term "hazard of a suit" was used in the majority opinion as meaning simply the chance, or possibility, of being sued, or as referring to the risk of being required to defend a suit, or as suggestive of the possible result, or outcome, of a suit in the event that one should be brought. However, it is immaterial which meaning was intended or whether all are included; for, in either, or any, event, the "hazard" rests primarily on the mere possibility that the workman may eventually institute a common law action against his employer.

The protection which the statute actually affords an employer is, certainly, not immunity from the possibility, or even the probability, of being sued, nor

immunity from the risk of being required to defend a suit, nor immunity from the possible result of an imaginable action. The protection afforded is immunity from *liability* in case suit is brought.

Whether a workman will, or may, commence a civil suit against his employer, is not legally determined by the action which the department takes upon his claim, but rests entirely in the workman's volition. If he does commence such suit, it is not founded upon any right conferred by the prior action of the department, but rests solely upon the alleged negligence of the employer. When the department rejects the claim of a workman, it does not thereby adjudicate, nor can it adjudicate, that there was any actionable negligence on the part of the employer; for, by the express wording of the workmen's compensation act, relief to workmen injured in extrahazardous work is granted regardless of questions of fault.

To say, then, that the rejection of a claim by the department subjects the employer to the "hazard of a suit" is to assume (1) that there was negligence which would support a civil suit, and (2) that the employee will bring an action based thereon. Neither of these assumptions is justified; (1) Because negligence can not be presumed, but must be established in an independent action wherein the defendant has the right to be heard; and (2) because the possibility of suit exists, not by virtue of any right arising out of the decision of the department, but wholly because our system of jurisprudence permits any man to institute an action against anyone else, whether the action be well grounded or not. To be *aggrieved* by an order of either a judicial or quasi-judicial body, entitling one to appeal therefrom, the appellant must be able to point out specifically wherein the enforcement of such order will, of itself, determine, or adversely affect, some per-

sonal or property right belonging to him. But no man has a *right* not to be sued, which is but another way of saying that one is not aggrieved, in law, by the mere possibility that suit may ultimately be brought against him.

The majority opinion cites the following authorities as tending to support its position: *Kidder v. Marysville & Arlington R. Co.,* 160 Wash. 471, 295 Pac. 162, 300 Pac. 170; *Abraham v. Department of Labor & Industries,* 178 Wash. 160, 34 P. (2d) 457; *Ek v. Department of Labor & Industries,* 181 Wash. 91, 41 P. (2d) 1097; *Luton v. Department of Labor & Industries,* 183 Wash. 105, 48 P. (2d) 199.

In each of those cases, with the exception of the *Kidder* case, the controversy was between the department and the claimant workman. This is conceded in the majority opinion. In the *Abraham* and *Luton* cases, the court went no further than to say, upon the point here involved, that a judgment of the department, resting upon findings of fact, is final and conclusive *upon the department and upon the claimant* unless set aside on appeal. In the *Ek* case, it was held that the judgment was also binding upon those claiming by, through, or under the *claimant.* In the *Kidder* case, it was held that the findings of the department were binding "upon all parties concerned;" but the findings therein referred to were in support of an allowance, and not of a rejection, of a workman's claim. Although the employer did not appeal in that case, it might have done so, for it was an aggrieved party in that (1) its cost experience could have been said to be affected, and (2) the department had found, as it was authorized to do under the statute, that the employer was a private carrier and therefore within the workmen's compensation act. Those cases are not applicable to the situation here.

The majority opinion then cites the following cases as confirming its position: *Seattle Can Co. v. Department of Labor & Industries,* 147 Wash. 303, 265 Pac. 739; *Hama Hama Logging Co. v. Department of Labor & Industries,* 157 Wash. 96, 288 Pac. 655; *Mud Bay Logging Co. v. Department of Labor & Industries,* 189 Wash. 285, 64 P. (2d) 1054; on rehearing 193 Wash. 275, 75 P. (2d) 579.

In the *Seattle Can Co.* case, the employer took an appeal from an order of the department rejecting the workman's claim, and its right so to do seems to have been assumed; at least, no question was raised against it. The opinion does not discuss the question at all, and, of course, is no authority thereon.

In the *Mud Bay Logging Co.* case, the right of the employer to appeal is recognized, but both opinions in the case also recognize the rule for which I contend, namely, that the party appealing must have been *aggrieved* by the order of the department. They also recognize the principle, already stated herein, that a charge upon the cost experience is a grievance entitling the party to appeal. In that case, the cost experience of the employer was affected, hence it had the right to appeal.

The *Hama Hama* case comes the nearest of all in supporting the majority opinion herein, for in that case we did say:

"From the order of the department rejecting the claim, the logging company appealed, as was its right under § 8, ch. 310, Laws of 1927, p. 850, to the superior court for Thurston county."

It appears, however, from the opinion itself, that the employer had joined with the employee in asking that the claim be *allowed,* and appealed because it was rejected. In other words, the order of the department was adverse to the contention of the employer. It also

appears from the opinion that before the appeal was taken, it was certain that the workman would institute a common law action against the employer, for the workman had so notified the department.

But, aside from all that, the question of the right of the employer to appeal under such circumstances was never raised in the trial court, nor in this court. As specifically appears by statements in both briefs in the case, the sole question submitted to us was whether the claimant was injured in the course of his employment. Hence, the terse and gratuitous pronouncement in the opinion, above quoted, is *obiter dictum*, and should not control a case, such as this, where the question has been squarely raised and discussed, and is to be decided.

My conclusion upon the first point is that the employer was not an aggrieved party, did not have a right to appeal, and is, therefore, not estopped from attacking the order rejecting the claim.

II. Upon the second question, namely, the right of the workman to maintain, in the courts, a common law action for damages against the employer, the majority, in my opinion, overlooks the basic element necessary to support such action, viz., jurisdiction of the subject-matter.

Rem. Rev. Stat., § 7673 [P. C. § 3468], emphatically provides that:

" . . . all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided."

The exceptions are subsequently provided for in § 7680 [P. C. § 3473] (relating to injuries resulting from ˙ the deliberate intention of the employer); §§ 7693, 7695 [P. C. §§ 3486, 3486b] (relating, under certain conditions, to interstate and intrastate em-

ployees); § 7693a [P. C. § 3486a] (relating to certain employees engaged in maritime occupations); and § 7697 [P. C. § 3488] (relating to the procedure for court review of orders, decisions, and awards made by the department).

By a long line of decisions, this court has consistently held that the act means what it says, namely, that the common law right of action accruing from an injury received by a workman in the course of his employment is abolished, except as otherwise provided in the act. *State ex rel. Davis-Smith Co. v. Clausen,* 65 Wash. 156, 117 Pac. 1101, 37 L. R. A. (N. S.) 466; *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685, Ann. Cas. 1915D, 154, L. R. A. 1916A, 358; *Ross v. Erickson Const. Co.,* 89 Wash. 634, 155 Pac. 153, L. R. A. 1916F, 319; *Stertz v. Industrial Ins. Commission,* 91 Wash. 588, 158 Pac. 256, Ann Cas. 1918B, 354; *Zenor v. Spokane & Inland Empire R. Co.,* 109 Wash. 471, 186 Pac. 849; *Perry v. Beverage,* 121 Wash. 652, 209 Pac. 1102, on rehearing 664, 214 Pac. 146; *Carmichael v. Kirkpatrick,* 185 Wash. 609, 56 P. (2d) 686; *Mud Bay Logging Co. v. Department of Labor & Industries,* 193 Wash. 275, 75 P. (2d) 579.

The majority opinion, however, reinvests the court with jurisdiction, upon the theory of estoppel. But jurisdiction of the subject-matter cannot be conferred in that way. All the powers of any court must be derived from the government which created it, and, as applied to the subject-matter of a suit, jurisdiction is always conferred by *law.* 14 Am. Jur. 365.

"Jurisdiction, in the general sense, as applied to the subject matter of a suit at law or in equity, must be found in and derived from the law which organizes the tribunal; and where there is an absence of power conferred by law a court will not act in the premises. Jurisdiction is regulated by the constitution, or by statutes enacted pursuant to the constitution, and by the common law so far as not repugnant to the federal

and state constitutions and laws, and courts can neither decline jurisdiction conferred upon them nor assume that which is not conferred." 15 C. J. 730.

It is the universal rule that parties cannot, by consent, waiver, or estoppel, confer upon a court jurisdiction of the subject-matter when the court does not otherwise possess such jurisdiction. 14 Am. Jur. 380; 1 Bancroft's Code Practice and Remedies, 950, Vol. 2 of the Ten Year Supplement, 1673.

In *Hammel v. Fidelity Mutual Aid Ass'n,* 42 Wash. 448, 85 Pac. 35, this court said:

"It is an elementary principle that neither an appearance nor consent of the parties will confer jurisdiction of the subject-matter, but such jurisdiction is derived wholly from the statutes. The court was therefore without power to determine the action upon its merits, notwithstanding the appearance was general in form."

In *State ex rel. Harris v. Hinkle,* 130 Wash. 419, 227 Pac. 861, we said:

"Our first duty is to inquire as to our power to grant the writ, for jurisdiction cannot be conferred upon this court either by stipulation, waiver or consent; *State ex rel. Bennett v. Taylor,* 54 Wash. 150, 102 Pac. 1029, and we are compelled to go to the constitution for the source of our original jurisdiction."

The rule is clearly and comprehensively stated in *Isham v. People,* 82 Colo. 550, 262 Pac. 89, as follows:

"Jurisdiction of the subject matter is conferred by the Constitution and laws of the state, not by the action of one or both of the parties. The parties themselves are powerless, by act or conduct, either to confer upon, or withhold from, the court jurisdiction of the subject matter. That comes from the Constitution and laws of the state."

Regardless, then, of any so-called estoppel of respondent by its failure to appeal from the decision of the department, it became the duty, and certainly was

the right, of the trial court to determine, in this case, whether it had jurisdiction of the subject-matter of the action. This the court did, for, when it found that appellant received his injury in the course of his employment, it necessarily followed that the court had no jurisdiction to entertain a civil suit for damages.

Whether the court was right in its decision upon that question is, of course, subject to review, and it may well be that under the facts of the case, we might arrive at a different conclusion. But, inasmuch as the majority has not discussed that question, I shall not enter upon it. My only concern at present is the principle laid down by the majority, with which I do not agree.

I dissent.

ROBINSON and SIMPSON, JJ., concur with STEINERT, C. J.