[No. 32194. Department One. November 13, 1952.]

HENRY STELL, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.[1]

*The Attorney General* and *C. R. Nelson, Assistant,* for appellant.

*Harry Ellsworth Foster* and *Ralph R. Gilby,* for respondent.

DONWORTH, J.—Plaintiff brought this action to have his title to certain real property situated in Skamania county quieted as against any claim of the state of Washington. From a judgment quieting plaintiff's title, entered upon his

[1]Reported in 250 P. (2d) 118.

motion for judgment on the pleadings, the state has appealed.

In his complaint respondent alleged his ownership of the real property involved; that on February 25, 1949, the department of labor and industries (hereinafter called appellant) made a written order assessing a penalty against him in the sum of $8,704; that the order was void *ab initio* because it was made without notice to him and therefore deprived him of his property without due process of law; that he appealed from the penalty order to the board of industrial insurance appeals within the time allowed by law; that appellant made a general appearance and fully participated at every stage of the appeal; that on January 8, 1951, the board made its written order reversing the penalty order of February 25, 1949; that under the claimed authority of the penalty order appellant, on April 14, 1949, unlawfully filed with the auditor of Skamania county a claim of lien against his real property; that the claim of lien constituted a cloud on his title and rendered the property unmarketable. Respondent then prayed that the lien be adjudged void, that the cloud be removed and his title quieted.

Appellant in its answer admitted making the penalty order of February 25, 1949, but denied that it was void *ab initio* or that it deprived respondent of his property without due process of law. Appellant admitted that respondent appealed in time to the board and that it participated in the appeal but alleged that the board had no jurisdiction of the appeal and that its order reversing the penalty order was therefore null and void.

As an "affirmative defense and cross-complaint" appellant made the following allegations:

On or about September 23, 1948, respondent and one Meadors were working on the foundation of a tourist cabin which they were building on respondent's property. While so engaged Meadors sustained an injury from which he died. Prior to Meadors' death respondent had not filed employer reports with, nor furnished an estimate of payroll

and workmen hours to, appellant as required by law. On November 12, 1948, respondent opened an account with appellant, paid the minimum industrial insurance premium of three dollars and signed his application and account as Meadors' employer.

On November 29, 1948, Meadors' widow filed a claim with appellant for a widow's pension, which claim was allowed on December 1, 1948. Notice of allowance of the widow's pension was mailed to respondent. The notice bore the following legend at the bottom thereof:

"No protest relative to this order or appeal therefrom can be recognized unless made within 60 days from the date of claimant's receipt of this order."

Respondent did not protest or appeal from the order awarding the widow's pension.

After sixty days from the date of the order allowing the widow's pension and pursuant to chapter 247, § 1, p. 999, Laws of 1947 (cf. RCW 51.48.010), appellant assessed the $8,704 penalty, which was equal to fifty per cent of the cost of the accident to the medical aid and accident funds. Subsequent to assessing the penalty appellant caused its lien to be filed, but the lien had the legal effect of, and no more legal effect than, a *lis pendens*.

Subsequent to filing of the lien, the real property was sold pursuant to a stipulation that the lien might be released, the property sold and the proceeds held in escrow awaiting the outcome of this action.

Appellant then prayed for judgment in the sum of $8,704, together with interest thereon and costs.

In his reply and answer to the cross-complaint respondent denied that the board had no jurisdiction of his appeal from the penalty order of February 25, 1949. He also denied the allegations of the cross-complaint except the allegation that the penalty was in a sum equal to fifty percent of the cost of the accident.

He alleged that he signed the employer report on November 12, 1948, in reliance upon the representations made

by appellant's officers and agents that no penalty would be assessed against him.

Appellant assigns error only to the trial court's entry of judgment upon respondent's motion for judgment on the pleadings. It makes four arguments, one of which is that the order of February 25, 1949, assessing the penalty is not an appealable order. Appellant urges that it is only a notice and that chapter 247, § 1, Laws of 1947 (*cf.* RCW 51.48.090), which provides for such penalty "to be collected in a civil action in the name of the state" negates any thought that assessment of a penalty may be appealed to the board of industrial insurance appeals.

The appeal provisions of the workmen's compensation act in effect at the time the penalty order was assessed, chapter 280, § 1, p. 879, Laws of 1943 (*cf.* RCW 51.52.050 and RCW 51.52.060), are very broad and read as follows:

"Whenever the Department of Labor and Industries has made *any* order, decision or award, it shall promptly serve the claimant, employer or other person affected thereby, with a copy thereof by mail, which shall be addressed to such claimant, employer or person at his last known address as shown by the records of the department. Any claimant, employer or other person aggrieved by *any* such order, decision or award must, before he appeals to the courts, serve upon the Director of Labor and Industries, by mail or personally, within sixty days from the day on which such copy of such order, decision or award was communicated to the applicant, an application for rehearing before the Joint Board of said department, consisting of the Director of Labor and Industries, the Supervisor of Industrial Insurance and the Supervisor of Safety. Such application shall set forth in full detail the grounds upon which the applicant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the Joint Board, and it must contain a detailed statement of facts upon which such claimant, employer or other person relies in support thereof." (Italics ours.)

In *Boeing Aircraft Co. v. Department of Labor & Industries,* 22 Wn. (2d) 423, 156 P. (2d) 640, an appeal was taken from an order made by the director of the department in which he directed the supervisor of industrial insurance

to transfer all charges for death and injuries suffered by employees of Frye & Co., a differently classed employer, to the class to which Boeing was the sole contributor. That transfer might have been accomplished by a mere book-keeping entry without a formal order. Boeing appealed and, while the question raised here was apparently not considered in that case, the appeal was allowed.

We recognize that the *Boeing* case is entirely different on its facts, but with the wording of the act in mind which provides for the employer's right to appeal to the board from *any* order, we come to the conclusion that the board had jurisdiction of respondent's appeal.

But if the board had jurisdiction of the appeal, appellant argues, it had no jurisdiction to review the question whether Meadors was respondent's employee at the time he suffered the fatal injury. We may concede that the question of Meadors' status as respondent's employee was rendered *res judicata* by the order allowing the widow's pension, from which no appeal was taken. *Prince v. Saginaw Logging Co.*, 197 Wash. 4, 84 P. (2d) 397. But if the board had jurisdiction of the appeal from the penalty order, it had the power to reverse that order. It did reverse it and since no appeal to the superior court was taken from the board's order of January 8, 1951, it is now *res judicata* as to the invalidity of the penalty assessment order. The actual scope of the board's inquiry upon the appeal has become immaterial.

Since the board has held that the penalty assessment order was "not legal" and has reversed that order, the claim of lien based thereon which was filed by appellant in Skamania county on April 14, 1949, is without legal foundation. It constituted a cloud on respondent's title to the property described therein. The trial court was correct in granting respondent's motion for judgment on the pleadings and in entering its judgment awarding him the relief prayed for and dismissing appellant's cross-complaint.

In view of the foregoing conclusions which we have reached it is not necessary to consider appellant's other ar-

gument, nor need we discuss the several other questions argued by respondent.

The judgment is affirmed.

MALLERY, GRADY, HAMLEY, and WEAVER, JJ., concur.