[No. 34292. Department One. November 21, 1957.]

GENERAL ELECTRIC COMPANY, *Appellant*, v. CLIFFORD T. SCOFIELD *et al.*, *Respondents*.[1]

*Allen, DeGarmo & Leedy*, for appellant.

*Critchlow & Williams*, for respondent Scofield.

PER CURIAM.—Clifford T. Scofield filed a claim for compensation with the department of labor and industries, alleging that he had suffered a loss of hearing due to excess noise in connection with his employment. The supervisor rejected the claim. Claimant appealed to the board of industrial insurance appeals.

After taking evidence, the board made no determination as to the amount of disability and, by order, remanded the claim to the department "with direction to allow the same and to take such other and further action in connection therewith as may be authorized or required by law."

The employer appealed to the superior court. From the judgment of the superior court affirming the order of the board, the employer appeals.

The statute provides that it is only from a final decision

[1]Reported in 317 P. (2d) 1058.

and order of the board that an appeal to the superior court lies. RCW 51.52.110 provides in part:

"Within thirty days after the final decision and order of the board . . . [the] employer or other person aggrieved . . . may appeal to the superior court."

In cases involving injured workmen, such appealable final decisions and orders must contain specific findings and determinations. RCW 51.52.106 provides in part:

"Every final decision and order rendered by the board shall be in writing and shall contain findings and conclusions as to each contested issue of fact and law, as well as the board's order based thereon. In cases involving injured workmen the findings and conclusions shall contain a concise statement of the board's jurisdiction, the nature of the workman's injury, the pathological condition, if any, resulting therefrom, the physiological disability, if any, resulting from such pathological condition, and any other material facts pertinent to the case, as well as the relief, *including the statutory percentage of disability*, if any, to which the workman or beneficiary is entitled." (Italics ours.)

■ The order of the board from which an appeal was taken was an interim order. The board has made no final decision and order in which the claimant was granted relief, "including the statutory percentage of disability." Until some future determination adverse to the appellant is made, the appellant is not aggrieved. Under RCW 51.52.106 and 51.52.110, neither the superior court nor this court has jurisdiction to consider interim orders. *Bergman v. Department of Labor & Industries*, 44 Wn. (2d) 117, 265 P. (2d) 293 (1954); *Wiles v. Department of Labor & Industries*, 34 Wn. (2d) 714, 209 P. (2d) 462 (1949); 42 Am. Jur. 577, § 196; 73 C. J. S. 536, § 189.

Finally, appellant contends that RCW 51.52.106 requires that the board make a "final decision and order." Assuming (but not deciding) that the statute is mandatory, if appellant seeks to compel the board to act, such relief cannot be accomplished by this appeal.

For the reasons stated, the appeal is dismissed.