[No. 35786.   En Banc.   June 14, 1962.]

ALLIED STORES CORPORATION, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Respondents.**

*Witherspoon, Kelley, Davenport & Toole*, by *E. Glenn Harmon*, for appellant.

*The Attorney General, James E. Nelson, Assistant*, and *Fredrickson, Maxey & Bell*, by *Leo H. Fredrickson*, for respondents.

WEAVER, J.—Allied Stores Corporation, doing business in Spokane as The Bon Marche, appeals from a judgment that sustained an order of the Board of Industrial Insurance

*Reported in 372 P. (2d) 190.

Appeals that, in turn, sustained a previous order of the supervisor of industrial insurance, directing payment of $5,816.70 time-loss compensation to respondent John A. Gaffney.

Appellant, in its brief, queries:

" . . . (1) Was the claimant, Gaffney, a workman covered by the Workmen's Compensation Act when injured, and (2) is appellant precluded by the rule of *res judicata* from raising the first issue?"

Claimant Gaffney was employed as a "stock boy" in appellant's retail store. On occasions, his duties required him to work in the warehouse, approximately a mile from the retail store, uncrating and assembling merchandise.

September 17, 1953, Gaffney was injured while working in the warehouse. He testified:

"I was taking a power lawn mower off the top of a pile, and as I took it down I slipped and fell and the power mower landed in my lap."

Gaffney filed a report of the accident with the Department of Labor and Industries. The supervisor of industrial insurance rejected his claim, March 11, 1954, on the ground that he was "Not under the Industrial Insurance Act" when injured.

Prior to Mr. Gaffney's injury, his employer had not paid industrial insurance premiums on the hours worked by "stock boys" in the retail store or in the warehouse.

Gaffney appealed to the Board of Industrial Insurance Appeals. He, his employer, and the department were represented by counsel at the hearings. Counsel stipulated that Mr. Gaffney need not produce medical testimony. A single question then remained: Was claimant Gaffney a workman covered by the Workmen's Compensation Act when injured?

At the time of the injury, RCW 51.12.010, which sets forth the occupations deemed extrahazardous and entitled to coverage under the act, included " . . . general warehouse and storage; . . . warehousing and transfer; . . ."

July 28, 1955, the board issued its decision and order that contains the following finding of fact:

"The Bon Marche-Palace Department Store is engaged in the principal business of selling merchandise at retail. In connection with that business it conducts a warehouse in which merchandise is stored. On September 17, 1953, the claimant sustained an injury while working in the warehouse."

Based on this finding, the board concluded that claimant Gaffney had sustained an industrial injury within the purview of the Workmen's Compensation Act and directed the Department of Labor and Industries to allow the claim.

Following the board's reversal of the department's disallowance of the claim, *the employer did not appeal the board's order of July 28, 1955, to the Superior Court.*[1]

Further procedural history of this case is detailed in finding of fact No. 4:

"On January 22, 1958, the supervisor of industrial insurance issued an order in compliance with the board's order of July 28, 1955, setting aside the prior rejection order of March 11, 1954, and allowing the claim 'for treatment and action as indicated effective September 17, 1953.' Thereafter, on March 10, 1958, the supervisor issued a further order directing payment to the claimant of time-loss compensation for the period from September 17, 1953, to May 17, 1956. The employer filed a notice of appeal on March 16, 1958, from both the order of January 22, 1958, and the order of March 10, 1958. On May 13, 1958, this board issued an order denying the employer's appeal from the January 22, 1958, order for the reason that the issuance of said order 'was a mere ministerial act complying with this board's prior decision and order and did not constitute a decision of the department from which an appeal could be taken' and granting the appeal from the March 10, 1958, order allowing time-loss compensation. The employer did

[1]September 2, 1955, the director of the Department of Labor and Industries sought review of the order of July 28, 1955, by writ of certiorari. The Superior Court of Spokane County affirmed the order. On appeal, this court reversed the judgment with directions to dismiss the certiorari proceeding for the reason that the Superior Court lacked jurisdiction. *State ex rel. Bates v. Board of Industrial Ins. Appeals,* 51 Wn. (2d) 125, 316 P. (2d) 467 (1957).

not appeal from the board's order denying its appeal from the supervisor's order of January 22, 1958."

September 25, 1959, the board entered an order determining the order of July 28, 1955, to be res judicata that claimant sustained an industrial injury on September 17, 1953, within the meaning of the Workmen's Compensation Act; and that he was entitled to benefits under the act. The board also sustained the supervisor's time-loss order of March 10, 1958.

This is an appeal from the judgment of the Superior Court that sustained the board's determination.

RCW 51.52.110 provides:

"Within thirty days after the *final decision and order* of the board upon such appeal has been communicated to such workman, beneficiary, employer or other person, or within thirty days after the appeal is deemed denied as herein provided, such workman, beneficiary, *employer* or other person aggrieved by the decision and order of the board may appeal to the superior court . . ." (Italics ours.)

We have consistently held that an employer has the right to appeal from a department or board order and from a superior court judgment or verdict. *Mud Bay Logging Co. v. Department of Labor & Industries*, 193 Wash. 275, 75 P. (2d) 579 (1938), and cases cited; *Prince v. Saginaw Logging Co.*, 197 Wash. 4, 84 P. (2d) 397 (1938); *Hoff v. Department of Labor & Industries*, 198 Wash. 257, 88 P. (2d) 419 (1939), and cases cited; *St. Paul & Tacoma Lbr. Co. v. Department of Labor & Industries*, 19 Wn. (2d) 639, 144 P. (2d) 250 (1943); *Harbor Plywood Corp. v. Department of Labor & Industries*, 48 Wn. (2d) 553, 295 P. (2d) 310 (1956); *Wineberg v. Department of Labor & Industries*, 57 Wn. (2d) 779, 359 P. (2d) 1046 (1961).

The employer contends it was not "aggrieved" by the order of July 28, 1955, allowing Mr. Gaffney's claim because the order did not award him compensation; hence, it was not necessary to appeal the board's decision. We do not agree; the contention is too narrow.

An employer may be "aggrieved" by an order *denying*

an injured workman's claim. The reason is succinctly stated in *Prince v. Saginaw Logging Co.*, 197 Wash. 4, 11, 84 P. (2d) 397 (1938):

" . . . In that case [*Mud Bay Logging Co. v. Department of Labor & Industries*, 189 Wash. 285, 64 P. (2d) 1054 (1937); 193 Wash. 275, 75 P. (2d) 579 (1938)], the employer was aggrieved by a charge made against its cost experience; in the present case, as in the *Hama Hama* [*Hama Hama Logging Co. v. Department of Labor & Industries*, 157 Wash. 96, 288 Pac. 655 (1930)] and *Seattle Can* [*Seattle Can Co. v. Department of Labor & Industries*, 147 Wash. 303, 265 Pac. 739 (1928)] cases, the grievance entitling the employer to appeal was the fact that, by denial of compensation to the employee as being without the act, the employer was subjected to the hazard of a suit at common law, a hazard against which the statute protected it as a contributor to the industrial insurance fund."

■ The same rationale should apply to the allowance of the claim in the instant case. The July 28, 1955, order allowing the claim was a final determination by the board of the only contested issue before it—the employee was injured while engaged in an extrahazardous occupation and entitled to the benefits of the Workmen's Compensation Act.

When this question was answered in the affirmative, the employer was "aggrieved," for it became liable, in due course, for payment of past-due industrial insurance premiums for Mr. Gaffney, covering the hours he worked in the warehouse; as well as other statutory obligations that may arise from a determination that the work was extrahazardous.

In the *Prince* case, *supra*, the court also said:

"We find no basis in the statute for the view that the employer may appeal from one determination of the department, but not from the other. He has a right to appeal in all cases where his interest may be affected; *and, unless he does so, he is concluded by the decision.*" (Italics ours.)

We conclude that the board's order of July 28, 1955, determining Mr. Gaffney to be a workman covered by the Workmen's Compensation Act when injured and from

which the employer did not appeal, is res judicata of the question determined.

Appellant places emphasis on *General Elec. Co. v. Scofield*, 51 Wn. (2d) 336, 317 P. (2d) 1058 (1957). We acknowledge that the opinion is subject to the interpretation that an order allowing a claim does not aggrieve the employer and is not a final appealable order. In so far as the *Scofield* case is inconsistent with this opinion, it is overruled.

■ There is substantial, credible evidence in the record to support a finding that Mr. Gaffney, as a result of his injury, was totally disabled from September 17, 1953, to May 17, 1956. We cannot disturb it. *Guyton v. Temple Motors, Inc.*, 58 Wn. (2d) 828, 365 P. (2d) 14 (1961). It was not error, therefore, to enter the order of September 25, 1959, directing payment of time-loss compensation to the claimant for the period he was totally disabled.

The judgment is affirmed.

FINLEY, C. J., HILL, DONWORTH, ROSELLINI, OTT, FOSTER, and HUNTER, JJ., concur.