**FILED**
**JUNE 4, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ASPLUNDH TREE EXPERT CO., | ) | |
| | ) | No. 35973-5-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LUCIANO M. GALVEZ, and | ) | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND | ) | |
| INDUSTRIES OF THE STATE OF | ) | |
| WASHINGTON, | ) | |
| | ) | |
| Respondents. | ) | |

KORSMO, J. — Asplundh Tree appeals from the dismissal of its appeal to superior court from Department of Labor and Industries (DLI) administrative rulings. Concluding that the superior court had no jurisdiction to consider an interlocutory administrative order, we affirm.

FACTS

The operative facts are primarily procedural in nature. Respondent Lucian Galvez was injured in 2011 while working for Asplundh. DLI ordered benefits for Mr. Galvez,

and the Board of Industrial Insurance Appeals (BIIA) affirmed that ruling. After a jury trial, the Benton County Superior Court affirmed the BIIA. Mr. Galvez was granted a permanent partial disability award and DLI closed his claim.

Mr. Galvez sought to reopen the award in 2016 on the basis that his condition had worsened. DLI initially denied the request. On appeal, the BIIA ordered that the claim be reopened. Asplundh then sought to have Galvez, a Benton County resident, travel to Everett and Seattle for both a functional capacity evaluation and an orthopedic and neurological examination. Industrial Appeals Judge (IAJ) John Dalton denied the request. Asplundh then petitioned for review of IAJ Dalton's order. Assistant Chief IAJ Cheryl Carlson denied Asplundh's petition.

Asplundh then filed a notice of appeal of the two IAJ rulings to the Benton County Superior Court. While that action was pending, Asplundh unsuccessfully sought to have the administrative proceedings stayed. Subsequently, the BIIA granted Mr. Galvez an additional award.

The superior court then dismissed this case, concluding that it lacked jurisdiction. Asplundh appealed to this court. A panel considered its appeal without conducting argument.

2

No. 35973-5-III
*Asplundh Tree Expert Co. v. Galvez, et al.*

ANALYSIS

The sole issue[1] we need to address is whether the superior court had jurisdiction to consider an "appeal" from the ruling of the Assistant Chief ALJ. We agree that it did not.

Primarily at issue is RCW 51.52.110, the statute authorizing appeals from the industrial insurance administrative realm to the superior court. In part, it states:

> Within thirty days after a decision of the board to deny the petition or petitions for review upon such appeal has been communicated to such worker, beneficiary, employer or other person, or within thirty days after the final decision and order of the board upon such appeal has been communicated . . . . If such worker, beneficiary, employer, or other person fails to file with the superior court its appeal as provided in this section within said thirty days, the decision of the board to deny the petition or petitions for review or the final decision and order of the board shall become final.

(Emphasis added.) The term "board" refers to the three members of the "board of industrial insurance appeals." RCW 51.52.010 (first sentence).

Administrative law judges are employees of the board, but are not members of the board. *Stratton v. Dep't. of Labor & Indus.*, 1 Wn. App. 77, 79, 459 P.2d 651 (1969). An interlocutory ruling by an IAJ is not appealable to the BIIA. WAC 263-12-115(6)(a). However, the BIIA can consider in its determination of a case an objection that is related

---

[1] Mr. Galvez seeks an award of attorney fees pursuant to RCW 51.52.130. However, his argument fails for the same reason that Asplundh's fails. Attorney fees are available under this statute only if there is an appeal to the courts from a decision of the BIIA.

to an interlocutory ruling made by an IAJ. WAC 263-12-115(6)(b). In other words, an interlocutory IAJ ruling is not given preclusive effect before the board.[2]

The appeals statute is quite clear. An appeal to the superior court lies only if the BIIA has made a final decision. RCW 51.52.110. An IAJ is not the BIIA. Accordingly, our cases recognize that there is no appeal from a decision by an IAJ. *Dep't of Labor & Indus. v. Bd. of Indus. Ins. Appeals*, 186 Wn. App. 240, 245, 347 P.3d 63 (2015); *Callihan v. Dep't of Labor & Indus.*, 10 Wn. App. 153, 158, 516 P.2d 1073 (1973).[3]

Asplundh argues that because the superior court has authority to remand a BIIA decision in some circumstances, the superior court has jurisdiction to do so here. The argument is a non sequitur and relies on authority that is not apropos. Asplundh relies on the discussion and ruling in *Allied Stores Corp. v. Dep't of Labor & Indus.*, 60 Wn.2d 138, 372 P.2d 190 (1962), without acknowledging that the case was appealed from a final order of the BIIA.

Asplundh had no right of appeal from the decisions of the two IAJs. The trial court correctly recognized that it had no jurisdiction to consider the "appeal."

---

[2] A decision and order from an IAJ becomes an order of the BIIA when either (1) it is a substantive ruling on the merits of a claim and no review is sought from the board, or (2) the board adopts the proposed decision on its own. RCW 51.52.104; RCW 51.52.106.

[3] Similarly, there is no appeal to the courts from an interlocutory order of the BIIA. *General Elec. Co. v. Scofield*, 51 Wn.2d 336, 317 P.2d 1058 (1957), *overruled on other grounds by Allied Stores Corp. v. Dep't of Labor & Indus.*, 60 Wn.2d 138, 372 P.2d 190 (1962).

No. 35973-5-III
*Asplundh Tree Expert Co. v. Galvez, et al.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Korsmo, J.

WE CONCUR:

Pennell, A.C.J.

Siddoway, J.

5