## WILLIAM R. CHILTON *v.* TOKIZO FUGIMOTO.

## No. 1415.

### APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

SUBMITTED NOVEMBER 10, 1922.          DECIDED DECEMBER 18, 1922.

PETERS, C. J., PERRY, J., AND CIRCUIT JUDGE O'BRIEN
IN PLACE OF LINDSAY, J., DISQUALIFIED.

REFORMATION OF INSTRUMENTS—*when necessary.*

> Where the intention of the parties to an instrument is clearly
> and sufficiently indicated by its context but it fails of proper ex-
> pression by reason of an obvious clerical error a court of law will
> treat the instrument as corrected and give effect to such intention
> without first requiring a party asserting rights at law thereunder
> to resort to equity to correct such error.

### OPINION OF THE COURT BY PETERS, C. J.

W. R. Chilton, as lessor, brought summary proceed-
ings in the district court of Honolulu praying to be re-
stored to the possession of certain premises theretofore
by lease in writing demised by him to one Tokizo Fugi-
moto, alleging a forfeiture of said lease by the lessee and
the termination thereof by the lessor for failure by the
lessee to observe and perform certain covenants and con-
ditions in said lease contained on the part of the lessee to
be observed and performed, among others, to "pay all
taxes assessed against" the demised premises.

Upon the trial the district magistrate refused to admit
any evidence offered by the lessor tending to show that
the lessee had failed to pay the taxes assessed by the Ter-
ritory against the demised premises upon the ground that
the lease did not contain any undertaking by the lessee to
pay said taxes. Upon judgment adverse to the lessor he
prosecuted an appeal to this court upon points of law,
assigning this ruling of the trial court as error.

The ruling of the court below was apparently predicated upon the exact language of the lease wherein the lessor covenanted with himself, among other things, to pay the taxes assessed upon the premises described in the lease. The situation is best appreciated by the language of the lease itself, beginning with the habendum clause:

"To Have and to Hold the herein demised premises unto the lessee and his permitted assigns for the term of * * *, the said lessee or those lawfully holding under him in the premises, to pay the annual rental of one hundred and eighty dollars, payable in equal monthly payments in advance on the first day of each and every month during the continuance of this lease in the sum of fifteen dollars in gold coin, net, to the lessor, or those lawfully holding under him, in the premises, at Honolulu, * * * and the lessor doth hereby covenant to and with the lessor as follows:

"That he will pay the rent in manner aforesaid, and in addition thereto, will pay all taxes assessed against the said premises, all water and sewer charges and all assessments and levies on said lands and improvement whatsoever, which shall be paid by the lessee, during the full term of this demise; and that he will not suffer nor commit any waste of the premises, and that he will at all times obey and carry out the orders, rules and regulations of the board of health or other civil or federal authorities as is now required or may hereafter be required, and that he will not allow or permit the said premises or any portion thereof to be used for immoral purposes; and that he will permit the lessor or his agents or those holding under him or them the right to enter into and upon the premises at reasonable times to examine the same as to whether or not the lessee is complying with and carrying out the covenants of this demise."

Obviously the word "lessor," the subject of the conjunctive sentence "* * * and the lessor doth hereby covenant to and with the lessor as follows:—" was mistakenly used for the word "lessee." This is apparent from the context of what follows. Covenants to pay rent and

covenants against waste are peculiarly and exclusively covenants of a lessee. Their definition is sufficient for their classification. Covenants to pay water and sewer rates (although the latter are not charged at present) attach to and concern occupancy only. The obligation to pay water rates is contractual and depends upon consumption. Restrictions upon use of premises affect the demise and not the reversion. Covenants of obedience to health regulations, while by law applicable to lessor and lessee alike, are here peculiarly applicable to the lessee due to his expressed intention later occurring in the lease "* * * to immediately erect buildings on the premises * * *." Covenants to pay taxes, assessments and levies on lands and improvements subject to a lease occur only when the intention of the parties is to expressly charge the lessee therewith, they being by law payable by the lessor unless otherwise expressly provided. Finally all doubt is removed by the express condition of the habendum clause "* * * the said lessee * * * to pay the annual rental * * * to the lessor * * *;" the qualifying clause, after the reference to "rent," "taxes," "water and sewer charges" and "all assessments and levies," "which shall be paid by the lessee;" the concluding covenant "that he will permit the lessor or his agents or those holding under him or them the right to enter into and upon the premises at reasonable times to examine the same as to whether or not the lessee is complying with and carrying out the covenants of this demise," and the provision earlier found in the habendum clause that the rent reserved should be "net."

The context clearly and sufficiently indicates that the intention of the parties was that the covenants quoted were to be performed by the lessee. This being so the trial court should have treated the instrument as corrected to conform to such intention and should have given effect to such intention.

"The power of a court of equity to reform a written contract is never exercised to accomplish a vain thing. * * * Mere clerical errors appearing on the face of an instrument, when the context clearly and sufficiently indicates the intention of the parties, will not be thus corrected. Such a mistake is obvious and will always remain so, and lapse of time will not increase the difficulty of correcting it; the correction will be treated as made whenever occasion shall require it. The test is whether a grantee, obligee or other person having an interest in a written instrument or the right effected thereby is dependent on parol testimony to correct the defects alleged and is thus exposed to the hazard of losing the benefit of his written muniment by the loss of such evidence. If he is placed at such a disadvantage by the error alleged, he is entitled to the aid of a court of equity to perfect the written muniment; if such is not the case the court will not intervene."

23 R. C. L., title "Reformation of Instruments," Sec. 6.

The text of the citation is amply sustained by the following cases: *Atlanta, etc., R. Co.* v. *Speer,* 32 Ga. 550, 79 Am. Dec. 305; *Purcell* v. *Goshorn,* 17 Ohio 105, 49 Am. Dec. 448; *Greene* v. *Dickson,* 119 Ala. 347, 24 So. 422, 72 Am. St. Rep. 920.

The mere reading of the instrument would convince the casual reader that a clerical error had been made and that the covenants quoted were those of the lessee and not the lessor. The error is obvious. No parol evidence would or ever should be necessary to correct the defect. Under the circumstances lapse of time would not increase the difficulty of correcting it, but the correction would be treated as made whenever the occasion should require.

To require the lessor in this case to first resort to equity for correction is unnecessary. A court of law is authorized to treat the lease as corrected.

The judgment of the Honolulu district court is reversed and the cause remanded for further proceedings consistent with this opinion.

*Mott-Smith & Lindsay* for plaintiff.
*Lightfoot & Lightfoot* for defendant.