[No. 32590.  Department Two.  January 21, 1954.]

E. Fern Bergman, *Appellant,* v. The Department of Labor and Industries, *Respondent.*[1]

*Francis J. Walker,* for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for respondent.

Finley, J.—On October 5, 1951, E. Fern Bergman reported an injury, allegedly sustained by her in the course of extra-hazardous employment.  Thereafter, on:

[1]Reported in 265 P. (2d) 293.

*January 28, 1952,* the claim was rejected by the department of labor and industries;

*February 13, 1952,* claimant appealed to the state board of industrial insurance appeals;

*July 18, 1952,* a hearing was held, at which witnesses testified for the claimant and the department;

*December 23, 1952,* a conference was held regarding the feasibility of settlement;

*December 26, 1952,* a *purported* hearing was held in Seattle;

*February 9, 1953,* the board made findings and conclusions, and rendered a decision reversing the department's rejection of the Bergman claim. The board awarded time loss to December 18, 1951, and made a permanent partial disability award of ten per cent of the maximum for unspecified disabilities;

*March 10, 1953,* the employer wrote the board, advising that no notice had been received regarding the purported hearing held in Seattle on December 26, 1952, and requested that the decision of the board, dated February 9, 1953, be set aside and the employer allowed to present testimony.

In an order dated March 11, 1953, bearing the mailing date of March 12, 1953, the board set aside or canceled its previous order of February 9, 1953. The order of March 11, 1953, is set out as follows:

"BEFORE THE BOARD OF INDUSTRIAL INSURANCE APPEALS
"STATE OF WASHINGTON
"In re        E. FERN BERGMAN ⎱ DOCKET No. 2347
"Claim No.   B-901591           ⎰ ORDER
"A decision and order on this appeal was entered by the board February 9, 1953.

"On March 10, 1953, the employer filed a written communication with the board stating that they had not been properly notified of the last hearing held on this appeal. The employer requested that the decision and order be set aside and that it be given the opportunity of presenting testimony in this appeal.

"After reviewing the record herein, and being fully advised in the premises, the board is of the opinion that the order and decision entered herein February 9, 1953, should be set aside.

"It is hereby ORDERED that the order of the board issued

February 9, 1953, be set aside and that the above-numbered appeal be set down for hearing in due course.

"Dated this 11th day of March, 1953.

> "BOARD OF INDUSTRIAL INSURANCE APPEALS
> "A. W. ENGSTROM    /s/
> "A. W. ENGSTROM                           Member
> "ARTHUR BORCHER    /s/
> "ARTHUR BORCHER                           Member

cc:
Fern E. Bergman
Yelm, Washington
Fern E. Bergman
% Francis J. Walker
Attorney at Law
209 Security Bldg.
Olympia, Washington
Olympia Canning Company
% Ralph Brink
Security Bldg.
Olympia, Washington
cc Dept. of Labor and Industries

> Mailed
> MAR. 12 1953
> BY ..........................RK"

The claimant appealed to the superior court of Thurston county from the above-quoted order, dated March 11, 1953, contending that no *statutory* authority existed to permit the board to cancel its previous order of February 9, 1953. It was urged that the cancellation action by the board was not interlocutory, but was final in nature and subject to an appeal to the superior court. Furthermore, claimant contended that the board's cancellation action should be said to have occurred, not on March 11, 1953 (purported date when the order of cancellation was issued), but on March 12, 1953 (the date the order was mailed); that the board's cancellation action was invalid because it occurred after the expiration of the thirty-day period, during which the order of February 9, 1953, could have been appealed. In the superior court, the office of the attorney general (representing the board) argued to the contrary and moved to dismiss the claimant's appeal.

In a memorandum opinion, dated June 4, 1953, the Thurston county superior court indicated that the order of February 9, 1953, was a final order "until set aside by the second order" of March 11, 1953, and further stated:

"The second order, by its terms, was not a final order but merely anticipatory of a final order pursuant to hearing. Plaintiff appeals from the second order, but this court is without jurisdiction by reason of there being no final order from which an appeal could be taken. *Wiles v. Department of Labor and Industries,* 34 Wash. (2d) 714."

The trial court granted the motion of the attorney general to dismiss claimant Bergman's appeal to the superior court.

The *Wiles* case, *supra,* clearly stands for the proposition that, by statute, an appeal to the superior court in a workman's compensation case is dependent upon the existence of a final administrative or board order; and that, within the time for appeal from such order, the administrative board (the joint board of the department of labor and industries) could withdraw or cancel a final order previously entered by it in connection with an injured workman's administrative appeal. Since the date of the *Wiles* decision, the legislature has abolished the joint board of the department of labor and industries and has replaced it with the independent state board of industrial insurance appeals. Furthermore, there may be other factual differences between the *Wiles* case and the case at bar. However, we are convinced that the reasoning of the *Wiles* case is controlling regarding disposition of the instant appeal.

■ In passing, we note again that the claimant in the present case places considerable emphasis on the fact that the board's cancellation order was dated March 11, 1953, but was mailed on March 12, 1953, and that the cancellation action of the board was effective on the latter date, which was more than thirty days after February 9, 1953 (the date of the board's previously issued final order). This contention overlooks the fact that a beginning date, as well as a terminal date, must be considered in calculating the appeal period. RCW 51.52.110 specifies how the beginning date of the appeal period is determined. It provides that an injured workman,

aggrieved by a final order of the board, may appeal therefrom within thirty days *after* the fact of the entry of a final order *has been communicated to the injured workman.* The apparent date of the order itself, or a date stamped or affixed thereon ostensibly indicating the day the order was mailed by the board, may or may not be material, depending upon whether such dates coincide with the date *communication* to the injured workman was effected.

In the case at bar, there is no *explicit* proof as to when the fact of entry of the order of February 9, 1953, *was communicated to the injured workman.* The copy of the order contained in the record here on appeal carries a typed notation at the bottom of the last page: "Mailed Feb 17 1953 BY ..................RK." It bears no notation as to addresses or addressees. If doubts be resolved in favor of claimant Bergman, and it is assumed that a copy of the order of February 9, 1953, (a) was mailed to her, (b) at her proper address, and (c) that she received the copy of the order on the same day it was mailed, then the appeal period may be said to have commenced on February 17, 1953. Thus, with these assumptions, and on the basis of the record before the superior court and before us on appeal, it follows that the board's cancellation action as to the order of February 9, 1953, occurred within the thirty-day period for appeal therefrom.

In the absence of proof that the appeal period regarding the canceled order had expired, and in accordance with the reasoning in the *Wiles* case, it must be held that the administrative board had the power to withdraw or cancel the order of February 9, 1953. The order dated March 11, 1953, is interlocutory in nature, not a final one. Without a final administrative order to provide a proper basis for an appeal, the trial court quite properly granted the motion to dismiss. Its action is hereby affirmed.

GRADY, C. J., SCHWELLENBACH, HAMLEY, and DONWORTH, JJ., concur.