40426.   JOHNSON v. ATLANTA AUTO AUCTION, INC.

DECIDED NOVEMBER 18, 1963—REHEARING DENIED
DECEMBER 5, 1963.

736

*Paul A. Martin, Marvin P. Nodvin,* for plaintiff in error.
*Casper Rich,* contra.

FELTON, Chief Judge. ■ The defendant in error contends that the judgment is correct because it was necessary for the plaintiff to have the bill of sale to plaintiff reformed before he could proceed with his action and cites *Sewell v. Gould,* 103 Ga. App. 456 (119 SE2d 598). This case is not authority for the contention of the defendant in error because the petition does not allege that the mistake in the date of the contract was due to a typographical error and that the contract was not in fact signed on a Sunday. It is well settled in Georgia that such an error as is alleged to have been made in this case may be corrected and its consequences obviated at law and that it is not necessary to resort to a court of equity. *Gaulding v. Baker,* 9 Ga. App. 578 (71 SE 1018) and cases cited. This law applies as between the original parties where no innocent third party's rights are involved.

■ The warranty executed by the defendant reads in part as follows: "Terms and conditions: 1. The buyer of the vehicle described on the reverse side is protected against invalidity of his title to said vehicle resulting because of any prior existing liens, chattel mortgages, conditional sales contract, or on account of

the vehicle having been stolen or fraudulently possessed, as of the date of this sale, but such warranty does not cover mere technical defects which can be removed by execution and delivery to buyer, or prior owners of legally required papers without the necessity of any payments; nor does this warranty cover the mechanical conditions of the vehicle. 2. Unless the motor vehicle received by the buyer conforms in all particulars to the description of the same set out on the face of this Title Warranty and Bill of Sale, the Title Warranty of the named Company shall be void and not binding on said Auction Company or its insurer. . ." Defendant in error contends that the warranty of title contained in paragraph 1 of the terms and conditions was void and not binding because the description of the automobile sold and delivered did not conform in all particulars to the description in the bill of sale. This contention is without merit. While it is true that, under a literal application of provision 2 of the terms and conditions, the auction company's contention would be correct, but such a strict application would defeat the purpose of the general warranty of title and the provisions of paragraph 1 of the terms and conditions; it would result in an unconscionable advantage of the plaintiff and all purchasers and open the door for auctioneers to evade every contract of warranty by misstating the serial numbers in the bills of sale. The true intention of the parties must be assumed to have been that provision 2 applied alone to situations where the automobile sought to be described in the warranty was not the same automobile actually sold and delivered to the buyer. As between the parties no other just and reasonable construction could be tolerated. Without going into any other and further discussion we simply call attention to the following rules of construction of contracts: *Code* §§ 96-302, 20-702, 20-704 (5).

The court erred in sustaining the motion to dismiss the action and in dismissing it.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*