[No. 1583-1. Division One. December 10, 1973.]

LIZZIE M. CALLIHAN, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

*Howell & Watson* and *Lembhard G. Howell*, for appellant.

*Slade Gorton, Attorney General*, and *Gerald L. Casey, Assistant*, for respondent.

HOROWITZ, J.—Plaintiff Lizzie M. Callihan appeals an order entered by the superior court of the State of Wash-

ington dismissing her appeal from an interlocutory order of the Board of Industrial Insurance Appeals. We affirm.

The controlling subsidiary question principally argued is whether the board has jurisdiction to determine the existence of a clerical error in the order appealed and, upon such determination, to conclude whether it has appellate jurisdiction of the order.

On March 13, 1968, plaintiff sustained an industrial injury to the *right* arm. Plaintiff applied to the Department of Labor and Industries for a disability award based on that injury. On December 1, 1969, the department issued an order closing the plaintiff's claim with a permanent partial disability award stated to be for 5 percent loss of function of her *left* arm below the elbow. The order made no reference to the injury to her right arm, which was the basis of her claim before the department. Following receipt of the order she did not call the error to the attention of the department, although she knew or was charged with knowledge that the reference in the order to the left arm was intended to mean right arm. She accepted the compensation awarded and took no appeal from the departmental order. We assume plaintiff did so in good faith believing the erroneous reference to the left arm was a pure inadvertence.

On June 26, 1970, plaintiff applied to the department to reopen her claim because of aggravation of the condition of her right arm. The department denied plaintiff's claim of aggravation so made. Plaintiff then appealed the department's order of denial to the Board of Industrial Insurance Appeals. The board granted the appeal and assigned the case for hearing by its examiner. At the hearing plaintiff contended that the face of the departmental order showed that the department had not adjudicated plaintiff's claim of injury to her right arm. She accordingly contended the board was without appellate jurisdiction to adjudicate an injury which had not first been determined by the department. The examiner agreed. In his proposed conclusions he stated that the department's order of March 23, 1971

closing claimant's claim with a permanent partial disability award of 5% of loss of function of the "left" arm below the elbow, and closing the claim, is erroneous and incorrect (however inadvertent or unintended) in referring to the "left" arm and hand rather than the "right" arm and hand. Consequently . . . the claim should be remanded to the Department with directions to take such action as indicated and required by law with respect thereto, as a claim relating to disability of claimant's "right" arm and hand sustained in an industrial injury while in employment . . . in Seattle, Washington, on March 13, 1968.

The department petitioned the board for a review of the examiner's proposed order embodying his views. The department contended it was entitled to present evidence to show that the order used the term "left" arm instead of "right" arm through inadvertence, and that actually the department had made its disability award for the injury to her right arm.

The board on September 8, 1971, reversed the hearing examiner. It ordered plaintiff's appeal remanded to its examiner with instructions to hear the department's evidence concerning the clerical error issue and, if thereafter indicated, to hear the claimant's appeal on its merits and if necessary to issue an amended proposed decision and order. The board further ordered that upon issuance of an amended proposed decision and order, all parties should be afforded full opportunity to file a petition for review pursuant to RCW 51.52.104.

Plaintiff then appealed the board's September 8, 1971, order to the superior court. Upon the department's motion, the court dismissed the appeal because the appealed order was not a final order of the board. Plaintiff then appealed the order of dismissal to this court.

■ The board has no original jurisdiction to make an initial determination of an award for an injury compensable under the industrial insurance act. *Brakus v. Department of Labor & Indus.*, 48 Wn.2d 218, 292 P.2d 865 (1956). The board's jurisdiction is appellate only. An aggrieved

person, including an injured workman, may appeal to the board from an "order, decision, or award of the department." RCW 51.52.060. *See Gaines v. Department of Labor & Indus.*, 1 Wn. App. 547, 463 P.2d 269 (1969). Because the board's jurisdiction is purely statutory, the board must satisfy itself that it has appellate jurisdiction of an appeal by an aggrieved person before it can proceed to hear and determine the claim of that person. If upon examination of the appeal it finds the department has failed to make the initial determination of plaintiff's claim in the order entered, it must decline to grant the appeal. On the other hand, if it finds that the department has by order made the initial determination of the injured person's claim, it then proceeds to process the appeal by conducting a de novo hearing of the claim, either by itself or through an examiner, ultimately entering findings and a decision on the merits. *See Gaines v. Department of Labor & Indus., supra.* In making a determination of the injury covered by the departmental order, it may find that the order inadvertently misdescribes the injury embodied in the claim and for which the award was intended. The question is then presented whether the board is concluded by the inadvertent language for purposes of determining its jurisdiction, or whether it may after necessary hearing determine the existence of this misdescription and correct it without remand to the department for that purpose.

█ Inadvertent clerical errors creep into both administrative and judicial proceedings. The manner of handling clerical errors in judicial proceedings is clear. An appellate court may itself correct a clerical error in a judgment appealed from without remanding the judgment to the trial court for that purpose.[1] A court has inherent power to correct a clerical error in order to make the true action of the court conform to the record.[2] This power may be exer-

---

[1]*State ex rel. Porterie v. Walmsley*, 183 La. 139, 162 So. 826 (1935), *appeal dismissed sub. nom., Board of Liquidation v. Board of Comm'rs*, 296 U.S. 540, 80 L. Ed. 384, 56 S. Ct. 141 (1935).

[2]*Pappas v. Taylor*, 138 Wash. 31, 33, 244 P. 393 (1926); *O'Bryan v. American Inv. & Improvement Co.*, 50 Wash. 371, 374, 97 P. 241 (1908).

cised in those jurisdictions in which terms of court are held even after the end of the term.[3] In judicial proceedings, rules exist to insure that substance shall not give way to form, e.g., CR 60. Thus, a clerical error can be corrected without reformation.[4] Delay is no defense to the correction of a clerical error, at least in the absence of a showing of prejudice.[5] Such a showing cannot be made when the person claimed to be prejudiced is charged with knowledge of the error.[6]

In the instant case the board has inherent power to determine if it has jurisdiction to entertain the appeal. The exercise of such power may require that the board first determine whether a description contained in the order with reference to the injury for which an award is made is an inadvertent misdescription correctable by it. Were the rule otherwise, the board would be required to treat a clerical error as if it were no error at all. This would give an injured plaintiff an opportunity for repetitive determination on the merits of his claim instead of only one to which all injured workmen are entitled. Even a liberal view of the industrial insurance act does not require a repetitive departmental determination. The conclusion reached would seem especially required when the injured plaintiff knows, or is charged with knowledge, that the injury is inadvertently misdescribed.

In the instant case, at the hearing before the examiner, the department was prepared to show that the reference in the order to an award for an injury to plaintiff's left arm was actually intended to be an award for an injury to her right arm for which she made a claim and for which she received treatment, and for which she collected compensa-

---

[3]*Dauderman v. Dauderman*, 130 Ill. App. 2d 807, 263 N.E.2d 708 (1970); cf. *In re Estate of Kramer*, 49 Wn.2d 829, 307 P.2d 274 (1957); *O'Bryan v. American Inv. & Improvement Co., supra.*

[4]*Bridges v. Price*, 95 Cal. App. 394, 273 P. 72 (1928); *Johnson v. Atlanta Auto Auction, Inc.*, 108 Ga. App. 735, 134 S.E.2d 538 (1963).

[5]*Chilton v. Fugimoto*, 26 Hawaii 675 (1922).

[6]*Dennis v. Northern Pac. Ry.*, 20 Wash. 320, 55 P. 210 (1898).

tion. Furthermore, in her claim before the department, she sought additional compensation for aggravation of disability for the injury to her right arm, not to her left arm. Her notice of appeal was an appeal from a denial of her claim for aggravation for injury to her right arm. Under these circumstances, were we to accept plaintiff's argument we would have to construe the statutes vesting the board with appellate jurisdiction in a manner that would be manifestly unreasonable.

The board's order of remand makes no final determination of the matter of whether the reference to left arm was an inadvertent clerical error. Instead, the order directs its hearing examiner to hear the department's evidence on that issue, reserving to the plaintiff all rights of review as in any other case. The board will not pass upon the clerical mistake issue until after the examiner renders his report, proposed findings and decision. The board's order is purely interlocutory. There is no review from an interlocutory order to the superior court. The order, to be reviewable, must be a final one. *Bergman v. Department of Labor & Indus.*, 44 Wn.2d 117, 265 P.2d 293 (1954); *Wiles v. Department of Labor & Indus.*, 34 Wn.2d 714, 209 P.2d 462 (1949). The superior court properly dismissed the appeal.

Affirmed.

JAMES, J., and WALTERSKIRCHEN, J. Pro Tem., concur.