672

[No. 41601-8-II.    Division Two.    June 26, 2012.]

Sɪɴᴀɪᴘᴜᴀ Lᴇᴜʟᴜᴀɪᴀʟɪɪ, *Appellant*, v. Tʜᴇ Dᴇᴘᴀʀᴛᴍᴇɴᴛ ᴏꜰ Lᴀʙᴏʀ & Iɴᴅᴜsᴛʀɪᴇs ᴇᴛ ᴀʟ., *Respondents.*

674

*Robert S. Allen* (of *George M. Riecan & Associates PS*), for appellant.

*Robert M. McKenna*, Attorney General, and *Masako Kanazawa, Assistant*, and *Robert M. Arim* (of *Law Office of Robert M. Arim PLLC*), for respondents.

¶1 ARMSTRONG, J. — While working for Franciscan Health Systems, Sinaipua Leuluaialii injured her right knee resulting in a permanent partial disability. She received benefits; however, the Department of Labor and Industries' (Department) order erroneously compensated Leuluaialii for an injury to her right arm. The Department corrected this error by issuing a new order. Leuluaialii then appealed the new order and attempted to argue the merits of her award.

¶2 The Board of Industrial Insurance Appeals (Board) reversed the corrected order, stating that the Department did not have subject matter jurisdiction; the superior court agreed with the Board's reasoning and decision. Leuluaialii now appeals, arguing that the Department had subject matter jurisdiction to correct a clerical error. In the alternative, she argues that because the Department did not serve her attending physician with a copy of the final order, it did not close her claim. We reject Leuluaialii's argument that her claim is still open. But because the Board has jurisdiction to correct the clerical error, we reverse the superior court and remand for the Board to correct the final order to identify the injury to Leuluaialii's right knee, not her right arm.

## FACTS

¶3 Leuluaialii injured her right knee on May 31, 2006, while working at Franciscan Health Systems (a/k/a Catholic Health Initiative). She filed an industrial insurance claim and the Department awarded her benefits.

¶4 On May 16, 2008, the Department ordered Leuluaialii's claim closed, directing Franciscan, the employer, to pay her time loss wage compensation benefits through July 23, 2007, and an award for $18,076.23 for a permanent partial disability to her *right arm*. The closing order did not reference Leuluaialii's actual injury to her right knee. The closing order stated that Leuluaialii's attending physician was St. Clare Hospital in Seattle.

¶5 Leuluaialii later stipulated that this original order "was properly communicated to all parties and no party filed a protest or appeal within sixty (60) days." Clerk's Papers (CP) at 15. The parties also stipulated that Franciscan paid her a permanent partial disability award for the full amount, plus interest. She accepted the compensation award and did not appeal from the Department's order within 60 days.

¶6 Later, in October 2008, about four months after the original department order, Leuluaialii requested a corrected order because the original award was for impairment to her right arm instead of her right knee, the "result of a clerical error." CP at 20.

¶7 On October 14, 2008, the Department issued a corrected order compensating Leuluaialii for "the amputation value of the right leg above knee joint with short thigh stump." CP at 22-23. The Department did not change any other part of the final order and the monetary award remained the same. Leuluaialii appealed this order to the Board, stating that it was "unjust and unlawful" and that she was "entitled to allowance of the claim, further treatment, time-loss compensation, or loss of earning power, an increased permanent partial disability award, or a permanent total disability award, and/or adjustment of benefits." Certified Appeal Board Record (CABR) at 159.

¶8 The Board issued a proposed decision reversing the order dated October 14, 2008. The industrial appeals judge reasoned that the Department did not have subject matter jurisdiction to issue the October 2008 order.

¶9 Leuluaialii petitioned the Board to review the industrial appeals judge's proposed decision and order under RCW 51.52.106. While Leuluaialii's petition was pending, she moved to dismiss, arguing that the Department did not communicate the closing order to her attending physician and that the Board lacked subject matter jurisdiction.

¶10 In her motion to dismiss, Leuluaialii submitted an employer report on occupational injury (SIF-5) dated May 5, 2008, as an exhibit. Tiffany Brockman completed this form, which stated that Leuluaialii's attending physician was Dr. Patrick Vaughn of Tacoma, whereas the original department order stated that her attending physician was St. Clare Hospital in Seattle.

¶11 On October 6, 2009, the Board adopted the industrial appeals judge's proposed findings and conclusions and

rejected Leuluaialii's motion. The Board reversed the corrected order dated October 14, 2008.

¶12 Leuluaialii moved for reconsideration. While this motion was pending, she appealed the Board's decision to Pierce County Superior Court. The Board then notified Leuluaialii that it lacked jurisdiction to review the motion for reconsideration because she had invoked the superior court's jurisdiction.

¶13 The superior court reviewed the Board's decision de novo and affirmed, reasoning that the Department lacked subject matter jurisdiction to issue the order dated October 14, 2008.

## ANALYSIS

### I. STANDARD OF REVIEW

¶14 On an appeal to the superior court, the court considers the Board's decision to be prima facie correct and a party attacking the decision must support its challenge by a preponderance of the evidence. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). The superior court reviews the Board's decision de novo, based solely on the evidence and testimony presented to the Board. *Stelter v. Dep't of Labor & Indus.*, 147 Wn.2d 702, 707, 57 P.3d 248 (2002).

¶15 We review the superior court's decision by asking whether substantial evidence supports the trial court's factual findings; we then review de novo whether the trial court's legal conclusions flow from the findings. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355 (2009).

II. SUBJECT MATTER JURISDICTION—OCTOBER 14, 2008
CORRECTED ORDER

¶16 Leuluaialii argues that RCW 51.32.240[1] grants the Department authority to correct clerical errors in an order within one year of the incorrect payment. The Department responds that RCW 51.32.240 does not apply here because the clerical error did not result in an overpayment or underpayment of benefits.

¶17 All department orders "shall become final within sixty days from the date the order is communicated to the parties unless a written request for reconsideration is filed with the department . . . or an appeal is filed with the board of industrial insurance appeals." RCW 51.52.050(1). Once the 60-day appeal period expires and the order becomes final, it cannot be appealed. *Shafer v. Dep't of Labor & Indus.*, 166 Wn.2d 710, 717, 213 P.3d 591 (2009). Res judicata applies to the final order "as it would to an unappealed order of a trial court." *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 537, 886 P.2d 189 (1994). A claimant seeking adjustment due to adjudicator error can either request reconsideration or appeal to the Board within 60 days.[2] RCW 51.32.240(2)(b).

¶18 Here, the Department's order dated May 16, 2008, awarded Leuluaialii benefits because of a permanent par-

---

[1] RCW 51.32.240 provides, in relevant part:

(1)(a) Whenever any payment of benefits under this title is made because of clerical error, mistake of identity, innocent misrepresentation by or on behalf of the recipient thereof mistakenly acted upon, or any other circumstance of a similar nature, all not induced by willful misrepresentation, the recipient thereof shall repay it and recoupment may be made.

. . . .

(2) Whenever the department or self-insurer fails to pay benefits because of clerical error, mistake of identity, or innocent misrepresentation, all not induced by recipient willful misrepresentation, the recipient may request an adjustment of benefits to be paid from the state fund or by the self-insurer.

[2] RCW 51.32.240(2)(b) defines "adjudicator error" as the "failure to consider information in the claim file, failure to secure adequate information, or an error in judgment."

tial disability to her *right arm*. This order closed her claim. Leuluaialii did not timely appeal. Rather, her letter, dated four months later, requested only a correction of the Department's clerical error. The Department issued a corrected order on October 14, 2008, compensating Leuluaialii for "the amputation value of the right leg above knee joint with short thigh stump." CP at 22-23. The parties agree that the monetary award for the amputation value of the upper and lower extremities is the same.

## A. RCW 51.32.240

¶19 RCW 51.32.240 permits the Department to correct a clerical error in the event of overpaid or underpaid benefits within one year of making any such payment. Leuluaialii cites the statute as controlling but provides no other authority to support her claim that RCW 51.32.240 applies in this situation, where no overpayment or underpayment is at issue. Furthermore, she appears to seek only correction of the clerical error to reflect the injury to her right knee on appeal; she does not renew her argument that she made before the Board that the corrected order was "unjust and unlawful" and that she was "entitled to allowance of the claim, further treatment, time-loss compensation, or loss of earning power, an increased permanent partial disability award, or a permanent total disability award, and/or adjustment of benefits." *See* CABR at 159.

¶20 We hold that RCW 51.32.240 does not apply here because neither overpayment nor underpayment followed the clerical error. Leuluaialii argues that the Department failed to pay the appropriate benefits for the injured body part, meanwhile acknowledging that the Department awarded the correct amount for the amputation value of the extremity because upper and lower extremities are valued equally. Leuluaialii's argument is not persuasive. She received the full benefit for her actual injury to her leg and nothing for her uninjured right arm. And she recognized that she was compensated for the actual injury when she

initially asked the Department to correct the "clerical error." CP at 20. We are satisfied that the legislature did not intend for RCW 51.32.240 to apply where a claimant receives the proper benefit despite the clerical error. And, as we discuss below, the Board has the inherent authority to correct the clerical mistake under CR 60(a). *See Callihan v. Dep't of Labor & Indus.*, 10 Wn. App. 153, 156-57, 516 P.2d 1073 (1973).

¶21 CR 60(a) allows a court to correct clerical mistakes in a judgment by correcting language that did not convey the court's intention, but it does not permit correction of judicial errors.[3] *Presidential Estates Apartment Assocs. v. Barrett*, 129 Wn.2d 320, 326, 917 P.2d 100 (1996). It is clear that both the Board and the superior court have jurisdiction to hear a CR 60 motion.[4] *Wells v. Olsten Corp.*, 104 Wn. App. 135, 142, 15 P.3d 652 (2001).

¶22 In *Callihan*, 10 Wn. App. at 154, the Department issued a final order compensating Callihan for an injury to her left arm; in fact, she injured her right arm. Callihan received benefits and did not appeal her permanent partial disability award, and the Department closed her claim. *Callihan*, 10 Wn. App. at 154. Approximately six months later, Callihan applied to the Department to reopen her claim because of aggravation to the condition in her right arm; the Department rejected her claim. *Callihan*, 10 Wn. App. at 154. Callihan appealed to the Board, arguing that the Department had not adjudicated her injury and the closing of the claim was erroneous. *Callihan*, 10 Wn. App. at

---

[3] CR 60(a) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

[4] WAC 263-12-125 requires the Board to follow the superior court's rules of procedure where applicable. *See Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 172, 937 P.2d 565 (1997); *Wash. Cedar & Supply Co. v. Dep't of Labor & Indus.*, 137 Wn. App. 592, 598, 154 P.3d 287 (2007).

154-55. The Board remanded the case to the hearing examiner with instructions to take evidence regarding the clerical issue. *Callihan*, 10 Wn. App. at 156. Division One of this court held that the Board has "inherent power to correct a clerical error in order to make the true action of the court conform to the record." *Callihan*, 10 Wn. App. at 156. The court explained, "Were the rule otherwise, the [B]oard would be required to treat a clerical error as if it were no error at all."[5] *Callihan*, 10 Wn. App. at 157.

¶23 Here, it is undisputed that the Department's clerical error did not result in overpaid or underpaid benefits. The Board had authority to correct the clerical error to reflect Leuluaialii's injury to her right leg above the knee joint. *See Callihan*, 10 Wn. App. at 156-58. This correction did not create a new final order from which Leuluaialii could appeal, and it did not restart the time for Leuluaialii to appeal.

¶24 The superior court affirmed the Board's decision to reverse the Department's order of October 2008 because of a lack of subject matter jurisdiction. We reverse and remand for the Board to correct the clerical error. *See Callihan*, 10 Wn. App. at 156 ("A court has inherent power to correct a clerical error in order to make the true action of the court conform to the record.").

## B. Res Judicata

¶25 Leuluaialii argues that if the disability determination in the original order is res judicata, she could file to reopen her claim for injury to her lower leg and receive an additional compensation award.

---

[5] The Board has reiterated that it has authority to acknowledge and correct a clerical error or inadvertent misidentification of an injury in a Department order in multiple significant decisions. *See In re Perez-Rodriguez*, No. 06 18718, 2008 WL 1770918, at *5, 2008 WA Wrk. Comp. LEXIS 39, at *13 (Wash. Bd. of Indus. Ins. Appeals Feb. 13, 2008) (Board has authority to correct an " 'inadvertent misdescription' "); *In re Gallant*, Nos. 03 16903 & 03 16904, 2004 WL 3218293 (Wash. Bd. of Indus. Ins. Appeals Nov. 22, 2004) (Board has authority to acknowledge the clerical error in the Department order awarding a permanent partial disability for a left shoulder injury and to correct the order to reflect the actual injury to Gallant's right shoulder.).

¶26 An unappealed department order is res judicata as to the issues the order encompasses. *Kingery v. Dep't of Labor & Indus.*, 132 Wn.2d 162, 169, 937 P.2d 565 (1997). A department order becomes a complete and final adjudication binding on both the claimant and the Department unless the action is set aside on appeal or vacated. *Marley*, 125 Wn.2d at 537-38. Thus, the " 'failure to appeal an order, even one containing a clear error of law, turns the order into a final adjudication, precluding any reargument of the same claim.' " *Kustura v. Dep't of Labor & Indus.*, 142 Wn. App. 655, 669, 175 P.3d 1117 (2008) (quoting *Marley*, 125 Wn.2d at 538).

¶27 The original order dated May 16, 2008, is a final adjudication of Leuluaialii's claim; Leuluaialii did not timely appeal. Her attempt to further litigate the merits of her award in this context fails because res judicata does not preclude correcting the clerical error. *See Callihan*, 10 Wn. App. at 157 (the Industrial Insurance Act (IIA), Title 51 RCW, does not permit repetitive departmental determinations where the injury is inadvertently misdescribed).

### III. COMMUNICATION TO LEULUAIALII'S ATTENDING PHYSICIAN

¶28 Leuluaialii next contends that the original department order of May 2008 was not communicated to her attending physician and, therefore, never became final. Leuluaialii further argues that the Board lacked subject matter jurisdiction to decide her appeal.

¶29 A worker suffering a permanent partial disability is compensated according to the award schedule in RCW 51-.32.080. When the Department determines that a worker's condition is stable, it issues a closing order "based on factors which include medical recommendation, advice, or examination." RCW 51.32.160(1)(b).

¶30 RCW 51.52.050(1) provides that "[w]henever the department has made any order, decision, or award, it shall promptly serve the worker, beneficiary, employer, or

other person affected thereby, with a copy thereof by mail." To appeal, "a worker, beneficiary, employer, health services provider, or other person aggrieved by an order, decision, or award [must] file with the board . . . within sixty days from the day on which a copy of the order, decision, or award was communicated to such person, a notice of appeal to the board." RCW 51.52.060(1)(a).

¶31 Where, as here, a party alleges that the Department failed to notify all necessary parties of an order, that party bears the initial burden of establishing that the order was not communicated in compliance with RCW 51.52.050 and RCW 51.52.060. *Lewis v. Dep't of Labor & Indus.*, 46 Wn.2d 391, 396, 281 P.2d 837 (1955). Leuluaialii has not met that burden.

¶32 Generally, a worker's compensation claim is not closed, and the 60-day appeal period is not triggered, until the claimant's attending physician receives a copy of the closing order. *Shafer*, 166 Wn.2d at 717-18. Shafer's attending physician provided an affidavit stating that she did not receive a copy of the Department's closure order until three years after the Department sent the order to Shafer. *Shafer*, 166 Wn.2d at 714. The court concluded that because the Department failed to serve Shafer's treating physician, the claim was not final. *Shafer*, 166 Wn.2d at 722. The court further explained that under the IIA,

> a worker's attending physician plays an important role once the worker has chosen that physician for treatment. For instance, the physician is required to inform the injured worker of his or her rights under the IIA and lend assistance in filing a claim. RCW 51.28.020(1)(b). . . . In addition, there are numerous other statutory and regulatory obligations that an attending physician is required to assume once the worker's claim is accepted by the Department. *See, e.g.*, ch. 296-20 WAC.

*Shafer*, 166 Wn.2d at 720. For those reasons, the attending physician is a "critical component to the final resolution of

claims" and must receive a copy of any order closing the claim. *Shafer*, 166 Wn.2d at 720.[6]

¶33 The Department communicated the closing order to Leuluaialii's attending physician, which was St. Clare Hospital in Seattle. Subsequently, Leuluaialii argued for the first time, in her motion to the Board to dismiss, that the closing order of May 2008 was not final because the Department did not communicate it to her attending physician, whom she stated was Dr. Patrick Vaughn. She supported her motion to dismiss with the self-insured employer form SIF-5, listing Dr. Vaughn as her attending physician. The Board denied Leuluaialii's motion to dismiss the pending appeal, ruling that with "reasonable diligence" she could have raised the issue that the Department failed to serve her treating physician in her petition to the Board. CABR at 4.

¶34 We conclude that Leuluaialii waived the issue by not raising it in her appeal to the Board or in her petition for review of the Board's decision. *See* RCW 51.52.104 ("petition for review shall set forth in detail the grounds therefor and the party or parties filing the same shall be deemed to have waived all objections or irregularities not specifically set forth therein").

¶35 We remand for the Board to correct the clerical error, which does not create a new final order from which Leuluaialii can appeal, and it does not restart the time for Leuluaialii to appeal.

JOHANSON, A.C.J., and PENOYAR, J., concur.

After modification, further reconsideration denied September 25, 2012.

Review denied at 176 Wn.2d 1018 (2013).

---

[6] Leuluaialii argues that she properly raised the issue of lack of communication to her attending physician in her petition to the Board, after the Washington Supreme Court decided *Shafer*.