FILED
COURT OF APPEALS
DIVISION II

2013 JUL 23 AM 9: 14

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ERIKA HARDY, | No. 42703-6-II |
| Appellant, | |
| v. | |
| FRED MEYER STORES, INC. and DEPARTMENT OF LABOR AND INDUSTRIES OF THE STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondents. | |

HUNT, J. — Erika Hardy appeals the superior court's trial de novo decision in favor of the Department of Labor and Industries and Fred Meyer Stores, Inc. The court accepted the Board of Industrial Insurance Appeals' findings and decision denying Hardy's worker's compensation claim for a right shoulder injury she asserts she suffered while working for Fred Meyer. She argues that (1) under the doctrine of res judicata, the Department's order allowing her worker's compensation claim for her injured left shoulder also included her right shoulder condition as a matter of law; and (2) the superior court erred in refusing to consider evidence corroborating her res judicata argument, which she had not presented to the Board. Holding that Hardy neither proved nor preserved her right shoulder claim, we affirm.

FACTS

I. WORKPLACE INJURY AND BENEFITS DETERMINATION

Erika Hardy began working in the service department of Fred Meyer Stores, Inc. in 1985. In February 2004, Fred Meyer transferred Hardy to a checker/cashier position; three months later, she began experiencing problems with her left shoulder and visited Dr. Louis Enkema. Although medical records from this visit referred to "bilateral shoulder conditions," Hardy alleged problems with only her left shoulder when she applied for worker compensation benefits. Administrative Record (AR) (7823 Mar. 4, 2010) at 10024 (Finding of Fact (FF) 1). On June 22, the Department allowed Hardy's left shoulder claim, after which she began receiving time loss compensation and medical benefits.

About four months later (after Fred Meyer had terminated her for unrelated reasons), Hardy again sought medical treatment from Dr. Enkema and filed another worker's compensation claim, this time alleging a right shoulder condition.[1] On October 30, 2007, the Department denied her right shoulder claim, finding that (1) there was no proof to support her right shoulder claim; (2) her condition was not the result of the injury or exposure alleged on the job; and (3) her condition was neither an industrial injury nor an occupational disease.

Hardy protested this October 30, 2007 Department order, arguing that (1) her right shoulder injury should have been accepted as part of her previous left shoulder injury claim; or (2) in the alternative, it should have been accepted as an independent claim. The Department forwarded this protest to the Board of Industrial Insurance Appeals for treatment as a direct appeal.

---

[1] Hardy's second benefits claim also described a back condition, which is not part of this appeal.

Meanwhile, on August 2, 2007, the Department had determined that Hardy's time-loss compensation benefits for her left shoulder claim were ended and paid through March 29, 2006, and that she would receive no award for permanent partial disability. Hardy appealed this Department order to the Board, which consolidated Hardy's two appeals.

## II. APPEAL TO BOARD OF INDUSTRIAL INSURANCE APPEALS

On appeal, the parties stipulated that the Board's summarized jurisdictional history of Hardy's claims was correct; this summary stated that Hardy's original claim had been for a left shoulder injury. Nevertheless, Hardy argued that the Department should have included her right shoulder condition under her left-shoulder claim; she also sought time-loss compensation benefits from March 29, 2006, to December 20, 2007, and a pension thereafter.

At the hearing before the Administrative Law Judge (ALJ), the parties presented Dr. Enkema's deposition testimony: Dr.Enkema testified that (1) during Hardy's first visit, she had complained about "pain over the left shoulder"; and (2) both of her shoulders "seemed to be involved," but "[t]he left was her main complaint." AR (7825 Mar. 4, 2010) at 505-06. Defendants Fred Meyer and the Department asked Dr. Enkema about his specific findings for Hardy's right and left shoulders:

> [Fred Meyer/Department]: [I]n your opinion, if you take out the subjective findings that you talked about, did you note any objective abnormal findings on examination?
> [Enkema]: At this point in time, looking at the overall situation, *I did not have very much in terms of positive physical findings.* I had the patient's complaint. And usually when I try to assess something like this, I give the patient the benefit of the doubt. I had no prior history. And usually the patients tell me the truth.
> [. . .]
> [Fred Meyer /Department]: [D]id you actually note any specific right shoulder symptoms that she reported in that visit?
> [Enkema]: I focused on the left, because that was her major complaint. . . . *I wasn't impressed at the time that the right was significantly involved.*

> [Fred Meyer/Department]: And in this case it appeared that the examinations were basically symmetrical between the right and the left?
> [Enkema]: Correct, except that there was *more pain on the left*.

AR (7825 Mar. 4, 2010) at 507-08 (emphasis added). Dr. Enkema further testified that the disability certificate he had given Hardy contained a number of restrictions on the use of her left shoulder, but it did not include restrictions on the use of her right shoulder.[2]

The ALJ issued two separate proposed decisions, both affirming the Department's orders, which the Board adopted. Hardy filed a petition for review with the Board challenging both decisions. The Board granted review, consolidated the appeals, and affirmed its earlier adoption of the ALJ's proposed decisions.

### III. APPEAL TO SUPERIOR COURT

Hardy appealed the Board's decision to superior court and immediately moved for judgment as a matter of law under CR 50. In support of her motion, Hardy attached copies of (1) Dr. Enkema's initial medical report, mentioning bilateral shoulder conditions; (2) the Department's June 22, 2004 order; (3) Dr. Enkema's report on Hardy's right shoulder during the second visit; and (4) the Department's denial of Hardy's right shoulder claim. Noting that Hardy had not submitted any of these attached materials to the Board, the superior court refused to consider them.

In the memorandum supporting her CR 50 motion, Hardy argued for the first time[3] that her right shoulder condition should have been allowed under her original worker's compensation

---

[2] Hardy did not, however, offer this disability certificate into evidence before the ALJ; nor did she offer Dr. Enkema's medical records about her conditions or the Department's June 22, 2004 order. The record does include, however, the parties' stipulated procedural history, which noted the date that Hardy had received the Department's June 22 order; but this stipulation did not contain the order language that Hardy later tried to use as evidence in superior court.

claim for her left shoulder injury because (1) the Department's June 22, 2004 order had put Fred Meyer on notice that her original claim was for a "bilateral" shoulder condition; and (2) thus, under the doctrine of res judicata, Fred Meyer was precluded from denying her right shoulder condition. Clerk's Papers (CP) at 32. Because Hardy had not argued her res judicata theory to the Board, the superior court ruled that she had waived the issue. The superior court denied Hardy's CR 50 motion.

Nevertheless, Hardy argued to the superior court that (1) the res judicata doctrine prevented Fred Meyer from denying that the Department had accepted her claim for worker's compensation for her right shoulder injury by virtue of the Department's June 22, 2004 order; (2) Fred Meyer was put on notice that her claim encompassed both shoulders because, according to the Board's findings, medical records from her original visit to Dr. Enkema referred to "*bilateral* shoulder conditions";[4] and (3) "because the June 22, 2004 order and notice was neither appealed nor protested," it was "final and binding upon all parties." CP at 121. The superior court adopted the Board's findings of fact in their entirety and ruled in favor of Fred Meyer and the Board. The superior court did not further address Hardy's res judicata argument. Hardy appeals.

---

[3] Hardy acknowledged that she had not previously raised her res judicata argument before the Board.

[4] AR (7823 Mar. 4, 2010) at 10024 (FF 1) (emphasis added).

ANALYSIS

I. ISSUE PRESERVATION

Hardy now argues that the doctrine of res judicata should have precluded the superior court from denying her claim for worker's compensation benefits for her alleged right shoulder injury. We disagree. Instead, we agree with the superior court that because she failed to raise this argument to the Board, she cannot raise it now. *See* RCW 51.52.115; *Kustura v. Dep't of Labor & Indus.*, 142 Wn. App. 655, 673-74, 175 P.3d 1117 (2008), *aff'd,* 169 Wn.2d 1001, 233 P.3d 853 (2010).

RCW 51.52.115 provides,

> Upon appeals to the superior court only such issues of law or fact may be raised as were properly included in the notice of appeal to the board, or in the complete record of the proceedings before the board.

Applying this statute, Washington courts have held that we may decline to review on appeal any issue not raised before the Board. *See, e.g., Kustura*, 142 Wn. App. at 673-74 (Division One of our court refused to consider an argument on appeal that workers had failed to make to the Board).

Because Hardy raised her res judicata argument for the first time in her CR 50 motion in superior court, the Board never had the opportunity to rule on this issue. And, although both parties briefed the issue, the superior court did not reach the merits of Hardy's res judicata argument; instead, it concluded that Hardy had waived the issue by having failed to raise it before the Board. Because Hardy failed to raise her res judicata claim to the Board, we, too, decline to consider it further.

## II. CLAIM PRECLUSION

Hardy next argues that because Dr. Enkema's initial report noted a "bilateral" shoulder condition, the Department's order "allowed [her] occupational disease claim for bilateral shoulder conditions." Br. of Appellant at 16. This argument also fails.

### A. Standards of Review

On appeal, the superior court sits in a quasi-appellate capacity, reviewing the Board's decision de novo, but basing its decision solely on the evidence and testimony presented to the Board. *Stelter v. Dep't of Labor & Indus.*, 147 Wn.2d 702, 707, 57 P.3d 248 (2002). *See also* RCW 51.52.110 The superior court considers the Board's decision to be prima facie correct; thus, a party attacking the Board's decision must support its challenge by a preponderance of the evidence. *Leuluaialii v. Dep't of Labor & Indus.*, 169 Wn. App. 672, 677, 279 P.3d 515 (2012) (citing *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999)), *review denied*, 176 Wn.2d 1018 (2013).

We review the superior court's factual findings by asking whether substantial evidence supports them. We review de novo whether the trial court's legal conclusions flow from the findings. *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d 355 (2009). On appeal, we treat unchallenged findings of fact as verities. *Moreman v. Butcher*, 126 Wn.2d 36, 39, 891 P.2d 725 (1995).

### B. Finality of Unchallenged Department Orders

All Department orders "become final within sixty days . . . unless a written request for reconsideration is filed with the department of labor and industries . . . or an appeal is filed with the board of industrial insurance appeals." RCW 51.52.050(1). The doctrine of claim preclusion

applies to a Department's final order the same as it would to a trial court's unappealed final order. *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 537, 886 P.2d 189 (1994). Failure to appeal precludes a party from rearguing the claim that the Department denied in its final order. *Marley*, 125 Wn.2d at 538.

Here, both parties agree that the doctrine of claim preclusion applies to the Department's June 22, 2004 final order that allowed Hardy's left shoulder worker's compensation claim. Contrary to Hardy's assertion, there is no evidence in the record that the Department's order accepted her claim as a "bilateral" shoulder condition. Moreover, the stipulated jurisdictional history that the parties submitted to the Board for its review stated that Hardy's original claim was for a left shoulder injury. Consistent with the record and this stipulated history was Dr. Enkema's testimony that (1) during his exam of Hardy, he "focused on the left [shoulder,] because that was her major complaint"; and (2) Hardy's disability certificate contained restrictions on the use of only her left shoulder. AR (7825 Mar. 4, 2010) at 508.

The Board found that Hardy "alleged an occupational condition involving her left shoulder, arising out of her employment." AR (7823 Mar. 4, 2010) at 10024 (FF 1). Hardy did not challenge this finding. There is no support in the record[5] before us for Hardy's argument that

---

[5] Not in evidence before the Board were the Department's June 22, 2004 order, Dr. Enkema's medical records, and Hardy's disability certificate. Therefore, the superior court did not err in refusing to consider these documents. *Stelter*, 147 Wn.2d at 707.

No. 42703-6-II

the Department's June 22, 2004 order included her right shoulder condition. The superior court adopted the Board's findings and confirmed its decision. We affirm the superior court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Hunt, J.

We concur:

_____
Johanson, A.C.J.

_____
Quinn-Brintnall, J.

9